EDYTHE STEVENS, Appellant, *v.* EDWIN A. STEVENS, Respondent.

Argued January 5, 1937; decided March 9, 1937.

*George E. Mulry* and *Edward S. De Pasquaie* for appellant. The defendant, having procured a judgment of divorce against the plaintiff in Nevada, could not maintain an action against the plaintiff for absolute divorce in New York, while the Nevada decree remained in force and effect. (*Starbuck* v. *Starbuck*, 173 N. Y. 503; *Schneider* v. *Schneider*, 232 App. Div. 71; *Brown* v. *Brown*, 242 App. Div. 33; 266 N. Y. 532.)

*Edward Robinson, Jr.,* for respondent. Defendant was not estopped by the Nevada decree from asserting a

counterclaim for absolute divorce. (*People ex rel. Jannicky* v. *Warden of City Prison,* 231 App. Div. 131; 255 N. Y. 623; *S. & E. Motor Hire Corp.* v. *New York Indemnity Co.,* 255 N. Y. 69; *Fischer* v. *Fischer,* 254 N. Y. 463; *Matter of Swales,* 60 App. Div. 599.)

LOUGHRAN, J. This is an action by a wife for a separation from her husband. He demands a judgment of divorce on a counterclaim founded upon an allegation of adultery which is traversed by her reply. On the trial she put in evidence a decree of divorce obtained by him a few months before in the State of Nevada. It was admitted that the Nevada court was without jurisdiction either of the cause or of the person of the wife and that its judgment had no force in this State. There had been no subsequent marriage of either party.

In that condition of the record, the husband's present counterclaim for a divorce was dismissed, " because by reason of the action he started in Nevada, as far as he is concerned, he has no wife." This order of the Trial Term was reversed by the Appellate Division. A majority of the justices thought that any estoppel against the husband on account of his Nevada decree was waived by the wife when she commenced this separation action. There were two dissents on the ground that, while adultery by the wife would here be a defense, the husband is precluded by his proceedings in Nevada from seeking now an affirmative judgment dissolving the marriage of the parties.

Our conclusion is that the award of the Nevada decree to the husband should have no effect upon the right of either party to a full adjudication in this action upon the conceded fact of their existing marital status.

This is not a case in which one spouse, after having secured a foreign divorce decree not binding in this State on the other, attempts thereafter to assert in our courts a private claim or demand arising out of their marriage. There are situations in which such a private suit will be

barred by the fact of the foreign decree.] Thus in *Starbuck* v. *Starbuck* (173 N. Y. 503) a wife went from this State to Massachusetts where she obtained a decree of divorce from a court that had no jurisdiction over her husband who remained domiciled here. The husband remarried. On his death, the first wife, claiming to be his widow, brought in this State an action to recover dower in real estate of which he died seized. It was held that the Massachusetts decree " operated to defeat her claim that she is now the widow of the decedent and entitled to dower in the real estate acquired by him after the decree " (p. 506). [Although the elements of a true estoppel against the wife were not there established, the cases cited and relied on (*Matter of Morrisson*, 52 Hun, 102, and *Matter of Swales*, 60 App. Div. 599; 172 N. Y. 651) make it plain that exclusion of the truth contradictory of the Massachusetts decree was deemed to be necessary in the due administration of justice.]

The present case involves a controversy essentially different in character. Here the court was invoked to pronounce judgment directly upon the marital status— a relationship which no stipulation or conduct of the parties could alter (Domestic Relations Law [Cons. Laws, ch. 14], § 51. See *Fearon* v. *Treanor*, 272 N. Y. 268.) The husband's counterclaim is interposed as matter of statutory right. (Civ. Prac. Act, § 1168.) Certainly a decree that is void cannot in itself be a reason why he should have less than his legal rights and we need not inquire what the result would be in some further event that has not happened. (Cf. *Fischer* v. *Fischer*, 254 N. Y. 463; *Lefferts* v. *Lefferts*, 263 N. Y. 131; *Chapman* v. *Chapman*, 224 Mass. 427.)

The order of the Appellate Division should be affirmed, without costs, and the question certified answered in the negative.

CRANE, Ch. J., O'BRIEN, HUBBS and RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Order affirmed, etc.