Lydia Lindgren Querze, Plaintiff, *v.* Raoul Querze, Defendant.

Supreme Court, Special Term, New York County, February 13, 1941.

*Samuel H. Ellman* [*George H. Berman* of counsel], for the plaintiff.

*Hirsh, Newman, Reass & Becker* [*Irving Moldauer* of counsel], for the defendant.

Valente, J. The parties to this action were married in New York in 1923 and in 1933 obtained a divorce from the courts of Mexico. The present plaintiff was the petitioner there and the decree was entered in her favor in June, 1933. In June, 1934, the defendant remarried and plaintiff promptly commenced two actions in this court; one for a declaratory judgment and the second for separation. Plaintiff failed to prosecute her actions and later consented to their dismissal.

Thereafter for over four years plaintiff made no claim to being defendant's wife and neither demanded nor received support from him. In October, 1939, defendant, in reliance upon the dismissal of the above actions, remarried for a third time. Plaintiff now brings this action for an absolute divorce. The defendant claims, among other things, an equitable estoppel.

The plaintiff relies to a great extent on the opinion of the Court of Appeals in *Stevens* v. *Stevens* (273 N. Y. 157), where the court refused to strike out the defendant husband's counterclaim, stating that no estoppel existed, but further stating, however, that it was being decided solely upon the facts peculiar to the case. It would not establish a hard and fast rule to be followed in all cases similar to the one in suit. In a later decision the court had occasion

to refer to the *Stevens* case (*supra*), wherein it stated, " the very language of the opinion of this court in the *Stevens* case indicated that it would not control a different situation." (*Krause* v. *Krause*, 282 N. Y. 355, 358.) In the *Krause* case the husband procured an admittedly invalid Nevada decree. He then married plaintiff. She sued for separation and he set up as an affirmative defense the invalidity of the Nevada decree, claiming that since he had never been legally divorced his marriage to the plaintiff was void. The Court of Appeals held that he was barred from setting up such defense and that the *Stevens* case did not apply.

The instant case falls within the category of the *Krause* v. *Krause* case (*supra*). Plaintiff herein, after having. procured the Mexican decree, asked this court to adjudge it invalid and to declare her to be defendant's wife. She then consented to a dismissal of her complaint, thereby adjudging that she was not defendant's wife. She now seeks to take a position inconsistent with the order of dismissal she consented to. Under the holding of the *Krause* case she is barred from so doing because the action which plaintiff seeks to take is inconsistent with the result purportedly achieved by the prior consent dismissal. In view of all the circumstances herein, the plaintiff is estopped from declaring the Mexican divorce invalid.

Judgment for the defendant. Settle findings and interlocutory judgment accordingly.