LYDIA L. QUERZE, Appellant, v. RAOUL QUERZE, Respondent.

Argued November 30, 1942; decided March 4, 1943.

14

*George H. Berman* and *Samuel H. Ellmann* for appellant.

*Benjamin Reass* for respondent.

RIPPEY, J. Plaintiff brought this action for an absolute divorce. Defendant interposed an answer in which he denied the material allegations of the complaint and set up four affirmative defenses, to wit: (1) that plaintiff was estopped to claim that she was the wife of the defendant since she procured a decree of divorce in Mexico, valid under the jurisdiction where it was granted, which still remained in full force and effect; (2) that plaintiff was estopped to assert that she was the wife of defendant by reason of her consenting to the entry of an order in an action brought by her for a separation which dismissed the action on the merits when she knew that the defendant had remarried in reliance upon the said decree of divorce; (3) that plaintiff was estopped to assert that the marriage still existed between the parties since she consented to a dismissal upon the merits of an action for an injunction and declaratory judgment against the defendant, based upon the allegation that she was still his wife, and (4) that plaintiff was estopped to assert that a valid marriage

existed between the parties since, after the marriage between himself and his second wife had been annulled, in reliance upon the aforesaid decree of divorce he married another woman and they were then living together as husband and wife.

After a trial of the issues at Special Term, the trial court made findings of fact and conclusions of law and entered a decree in which he sustained the affirmative defenses, held that the plaintiff was estopped to assert that her marriage to the defendant still existed and dismissed her complaint, with costs. The Appellate Division has unanimously affirmed and the case reaches the Court of Appeals by its own permission.

The facts which are not disputed establish that the parties to this action were married in the State of New York on February 9, 1923. At the time of said marriage the parties were and ever since have been residents of and domiciled within the State of New York. In May, 1933, plaintiff commenced an action for an absolute divorce against the defendant in the First Judicial Court of First Instance, at Cuernavaca, State of Morelos, Republic of Mexico. Both parties to the action purported to submit themselves to the jurisdiction of that court and consented to the entry of a decree but neither party ever went to Mexico. Plaintiff attempted to show at the trial that the defendant had procured her signature to the complaint in that action by fraud by representing to her that she was merely consenting to separation from him and that the defendant himself paid and retained the attorneys who purported to represent her, but such evidence was excluded. Final judgment was rendered in the Mexican divorce action on June 10, 1933, and the plaintiff received a copy of the decree sometime in December of that year. On June 10, 1934, the defendant went through a ceremonial marriage with a woman in the State of New Jersey. On June 25, 1934, the plaintiff commenced two actions against the defendant upon complaints verified June 7, 1934, in which she (1) attempted to enjoin the defendant from remarrying and asked for a declaratory judgment declaring that she was still the wife of the defendant, and (2) sought a separation from the defendant. Those actions were not brought to trial and in the meantime the woman whom defendant married in New Jersey commenced an action in this State for the annulment of her marriage with the defend-

ant. An interlocutory decree annulling the marriage was made on May 29, 1936. On August 15, 1935, stipulations were entered into between the plaintiff in person and the defendant by his attorney, whereby it was agreed that the two actions which plaintiff had commenced and which were still pending should be dismissed " on the merits " and that an order to that effect might be entered without further notice to either party. Accordingly, an *ex parte* order was entered in each action and both orders recited that they were made upon the foregoing stipulations and they provided severally that the action for separation and the action for an injunction be dismissed upon the merits. There was no hearing or trial in those actions, no findings were made and no judgment was entered in either of them. After the annulment of defendant's second marriage, he married one Alice Greenspan in the State of Connecticut on October 14, 1939, since which time they have been living together as husband and wife.

The learned justice at Special Term relied upon *Krause* v. *Krause* (282 N. Y. 355) but there is nothing in that case which forms any authority for the decision which has been made in the case at bar. The facts in the instant case are such that the courts of this State can attach no validity to the Mexican decree of divorce (*Vose* v. *Vose*, 289 N. Y. 779). No one disputes the invalidity of the Mexican decree. This court has held that a void foreign divorce decree will preclude the spouse who obtains it from asserting in our courts a private claim or demand arising out of the marriage (*Starbuck* v. *Starbuck*, 173 N. Y. 503; *Hynes* v. *Title Guarantee & Trust Co.*, 273 N. Y. 612). But we have consistently held that such a decree will have no effect upon the right of either spouse to a full adjudication in our courts upon the question of the existing marital status (*Stevens* v. *Stevens*, 273 N. Y. 157; *Davis* v. *Davis*, 279 N. Y. 657; *Vose* v. *Vose, supra; Maloney* v. *Maloney*, 288 N. Y. 532). Although there was no fact of remarriage in the *Vose* and *Stevens* cases, the fact of the subsequent remarriage or remarriages of the defendant in this case in reliance upon the Mexican decree does not change that rule (*Krause* v. *Krause, supra*). Nor is that rule affected by the fact that plaintiff is asking for alimony and counsel fees herein. That was the claim made by defendant in *Vose* v. *Vose* (*supra*) and we

held that the claim was without merit. The wife's right to alimony is not " a private claim or demand " arising out of the marriage of the parties. That right comes from the statute and not from the common law (*Romaine* v. *Chauncey*, 129 N. Y. 566, 571). Such a claim in itself furnishes no foundation for a cause of action; it is a mere incident of the judgment in a matrimonial action (*Galusha* v. *Galusha*, 138 N. Y. 272; *Fox* v. *Fox*, 263 N. Y. 68; Civ. Prac. Act, §§ 1169, 1170).

The orders entered in the actions for separation and for an injunction restraining the defendant from remarrying and declaring that the parties were still husband and wife, although made upon consent and reciting that they were made " on the merits " cannot operate to estop the plaintiff from the prosecution of this action. Attention has been called to the fact that there was no trial of the merits in either of those actions. There were no findings of fact and no judgments were entered. In effect, the consent of the plaintiff to a dismissal of the complaints in those actions resulted in nothing more than a voluntary nonsuit (*Nelson* v. *Ryan*, 222 App. Div. 754; *Blott* v. *Rider*, 47 How. Pr. 90, 91; Rules Civ. Prac. rule, 283). Dissolution of the marriage relationship may never result by default in appearance or pleading (Rules Civ. Prac., rules 282, 283; *Redfield* v. *Critchley*, 277 N. Y. 336, 341). Here, with or without the consent of the parties, the court was without power to enter the orders " on the merits " and to the extent that they purport to so adjudicate, they must be held void. The rule against collateral attack has no application here. The parties by themselves were without power permanently to fix or to alter their marital status or the scope of the obligations arising from the marriage relationship by consent, stipulation or their own conduct (*Stevens* v. *Stevens*, 273 N. Y. 157, 159; *Goldman* v. *Goldman*, 282 N. Y. 296, 299).

The judgments should be reversed and the case remitted to the Trial Court for further proceedings not inconsistent with this opinion. (See 290 N. Y. 765, 926.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.