RUTH W. AVERBUCK, Appellant, *v.* ROBERT M. AVERBUCK, Respondent, et al., Defendants.

First Department, November 16, 1945.

*Abraham Rotwein* for appellant.

*Milton S. Gould* for respondent.

CALLAHAN, J. Defendant moved to dismiss plaintiff's complaint (1) for insufficiency in law and (2) for lack of jurisdiction of the subject of the action. Although Special Term in its order stated that the complaint was dismissed on the first ground it also stated that plaintiff may not obtain the relief sought in this court but must obtain same in the State of Nevada. The material allegations of the complaint may be summarized as follows: Plaintiff-appellant and defendant-respondent were married in the State of Massachusetts in the year 1940. They thereafter resided in New York where they established the matrimonial domicile which has been maintained ever since. Defendant-respondent entered the Army and was stationed in Reno, Nevada, where he met the codefendant. Both defendants thereupon entered into a conspiracy to entice plaintiff into the State of Nevada, so that defendant-respondent might procure a divorce from appellant and marry the codefendant. Plaintiff at first refused to accede to her husband's demands for a divorce. Later, after she had left Nevada and gone to Los Angeles, California, she was served with a summons and complaint in a divorce action brought by the husband in the Nevada courts. Eventually, as the result of false representations, acts of coercion and duress on the part of defendants, plaintiff, upon her husband's suggestion, retained a Nevada attorney who interposed a cross complaint for divorce in the suit brought by her husband. A decree of divorce was thereupon granted plaintiff by the Nevada courts. The defendants later went through a form of marriage ceremony in the State of New York.

Acts of fraud, coercion and duress are then itemized in the complaint. While some of these specifications appear to add little weight to plaintiff's charges, we deem that, taken as a whole, the acts specified are sufficient to support, prima facie, the charges made.

Plaintiff's prayer for relief asks that her status as the lawful wife of defendant-respondent be declared; that the Nevada

decree of divorce be adjudged invalid, and for other relief. In its opinion the court said that as plaintiff had submitted herself to the jurisdiction of the Nevada court and obtained an affirmative judgment therein, she might not be relieved of the effects of the foreign decree by the courts of this State, and that this was so even though plaintiff had been caused to enter her cross complaint in the Nevada suit as a result of defendants' fraud, coercion or duress.

Plaintiff appeals from the order of dismissal, contending that as New York is the place of matrimonial domicile, she may at least attack the validity of the Nevada decree in the courts of this State on the ground that she had been induced to appear in the courts of Nevada by fraud, coercion and duress.

We hold that appellant's contention in this regard is correct, that as her complaint is sufficient prima facie to support her charges, this court is warranted in entertaining jurisdiction of the action.

Assuming, without deciding, that if plaintiff had invoked the jurisdiction of the Nevada court of her own free will to obtain the decree of divorce, she might be precluded from questioning the validity of the decree thus obtained, especially after her husband's remarriage (see *Matter of Lindgren,* 293 N. Y. 18; *Vernon* v. *Vernon,* 288 N. Y. 503; *Krause* v. *Krause,* 282 N. Y. 355, 357), this disability would not, in our opinion, exist where it is claimed that her appearance in the Nevada court was induced by fraud, coercion or duress. Under the latter circumstances the courts of this State, the place of matrimonial domicile, in view of the State's interest in protecting the marriage, would entertain jurisdiction of an action brought by one spouse to have the matrimonial status declared and to right the wrong flowing from the other spouse's fraud (*Querze* v. *Querze,* 290 N. Y. 13).

That our courts are empowered to grant relief under such circumstances, though it involve collateral attack on a judgment procured in a sister State, seems established by the authorities. In *Prime* v. *Hinton* (244 App. Div. 181), decided by this court, an action had been brought by a wife to recover alimony awarded to her by a judgment of divorce granted in the State of Nevada. The husband pleaded as a defense that his wife, by making certain misrepresentations of fact, had induced him to appear in the Nevada action. This court, in upholding the husband's defense, said: " Jurisdiction over the defendant having been procured through fraudulent representations, which induced defendant to appear in the Nevada action

by attorney, the judgment of the Nevada court may be attacked collaterally. A judgment fraudulently obtained is not entitled to protection under the full faith and credit clause of the Federal Constitution. (*Dobson* v. *Pearce*, 12 N. Y. 156; *Andrews* v. *Andrews*, 188 U. S. 14; *Hunt* v. *Hunt*, 72 N. Y. 217, 225; *Gray* v. *Richmond Bicycle Co.*, 167 id. 348, 355.) ''

While in *Prime* v. *Hinton* (*supra*) the foreign judgment had been procured against the husband rather than by him, this factual difference would not appear to afford sufficient reason for distinguishing the cases or refusing this plaintiff the opportunity of collateral attack.

In *Vernon* v. *Vernon* (288 N. Y. 503) it appeared that, while duress had been charged in the complaint, the trial court made no finding to that effect, and the Appellate Division, Third Department, found that there was no evidence to support that charge (see *Vernon* v. *Vernon*, 262 App. Div. 431, 433).

*Querze* v. *Querze* (*supra*) was an action brought by a wife in the courts of this State for divorce. The plaintiff in that case had previously obtained a '' mail order '' divorce in Mexico. She alleged in her New York action that she had been induced to maintain the Mexican proceedings by her husband's fraudulent representations; that her signature to the complaint in the foreign court would merely result in separation. Upon the trial of the *Querze* action, proof of the husband's fraudulent representations was excluded on the theory that the wife was estopped from asserting them. Her action was dismissed by the trial court, and the judgment of dismissal was affirmed by this court. (263 App. Div. 797.) The Court of Appeals, in reversing the judgment of dismissal stated, with reference to the effect of the foreign decree: '' But we have consistently held that such a decree will have no effect upon the right of either spouse to a full adjudication in our courts upon the question of the existing marital status [*Stevens* v. *Stevens*, 273 N. Y. 157; *Davis* v. *Davis*, 279 N. Y. 657; *Vose* v. *Vose*, 280 N. Y. 779; *Maloney* v. *Maloney*, 288 N. Y. 532].''

It is asserted that the *Querze* case is distinguishable on two grounds: (1) that the question of full faith and credit was not presented therein, in that the earlier judgment in that case had been procured in Mexico, and (2) that in the *Querze* case it appeared that the foreign decree was not even colorably valid, whereas here the foreign court at least had jurisdiction of the parties. In view, however, of the well-established rule of law that the requirement of our Federal Constitution that full faith and credit shall be given in each State to the judicial proceed-

ings of every other State has no application to a judgment obtained by fraud, the first suggested ground of distinction is without significance, nor would the second ground afford any more substantial basis for distinction, for any presumption of validity attached to the Nevada judgment would disappear if fraud should be established.

Suggestions found in the opinion of the Court of Appeals in the *Matter of Lindgren* (293 N. Y. 18, *supra*) that if the proceeding involved therein had been brought by petitioner-wife in her own behalf rather than in behalf of her child, the wife's disability to maintain such suit might have been deemed established, must be read in the light of the facts in that case. There a judgment of divorce granted to the deceased husband by a Florida court was being attacked in proceedings brought in this State to administer the late husband's estate. Such proceedings involved, of course, property rights of the child whose interests were being assailed. No claim was made in the *Lindgren* proceeding that the wife had been induced to appear in Florida by fraud. The sole basis for attack upon the Florida decree was that neither party to the action had been a domiciliary of Florida.

Upon the present appeal we are not called upon to decide whether the mere absence of domicile in Nevada would afford plaintiff, a party to the Nevada action, the right to attack the Nevada decree in the courts of this State.

We hold only that plaintiff's complaint, being based on fraud in inducing her to maintain the foreign action, is sufficient, and that this court should accept jurisdiction of her suit.

The judgment and orders should be reversed, with costs to the appellant, and the motion for dismissal denied, with leave to defendant-respondent to answer the complaint within ten days after service of order on payment of said costs.

MARTIN, P. J., DORE, COHN and WASSERVOGEL, JJ., concur.

Judgment and orders unanimously reversed, with costs to the appellant, and the motion to dismiss the complaint denied, with leave to the defendant-respondent to answer within ten days after service of the order, with notice of entry thereof, on payment of said costs.