GERTRUDE WYNN, Plaintiff, *v.* HYMAN WYNN, Defendant.

Supreme Court, Special Term, Kings County, October 21, 1946.

*Francis X. Mancuso* for defendant.

*J. Murray Harris* for plaintiff.

WALSH, J. Defendant moves to dismiss the complaint under rule 106 of the Rules of Civil Practice, on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges three causes of action: (1) For a judgment declaring that the plaintiff is the lawful wife of defendant; (2) for a judgment declaring that the alleged Mexican divorce obtained by plaintiff against defendant on September 1, 1943, is void, and (3) that defendant fraudulently represented he would establish a domicile in Mexico and would obtain a divorce against plaintiff.

Defendant relies upon *Finan* v. *Finan* (47 N. Y. S. 2d 429, 437) where the complaint was dismissed because plaintiff delayed more than three years in attacking the validity of a foreign divorce decree. That case is clearly distinguishable from the present case. There the foreign decree was obtained in the State of Florida. Plaintiff and defendant went to that State and there co-operated to obtain the decree. Plaintiff contended that she was forced to institute an action by coercion and duress. The court held: " It is no fraud on New York State if both parties go to a foreign state to enable one to divorce the other on grounds not recognized here. *Matter of Rhinelander's Estate,* 290 N. Y. 31, 47 N. E. 2d 681; *Glaser* v. *Glaser,* 276 N. Y. 296, 12 N. E. 2d 305." However, under *Williams* v. *North Carolina* (325 U. S. 226, Note, 157 A. L. R. 1399) if the domicile

is not bona fide it is not necessary for this State to recognize such a divorce.

In the present case the parties admittedly never went to Mexico. Their attempt to dissolve their marriage by a mail order Mexican divorce was a fraud upon the State of New York. Under the circumstances, that divorce could not be valid. (*Querze* v. *Querze,* 290 N. Y. 13.)

In that case the court said: " The facts in the instant case are such that the courts of this State can attach no validity to the Mexican decree of divorce (*Vose* v. *Vose,* 280 N. Y. 779). No one disputes the invalidity of the Mexican decree. This court has held that a void foreign divorce decree will preclude the spouse who obtains it from asserting in our courts a private claim or demand arising out of the marriage * * *. But we have consistently held that such a decree will have no effect upon the right of either spouse to a full adjudication in our courts upon the question of the existing marital status * * *." (*Querze* v. *Querze,* 290 N. Y. 13, 17, *supra.*)

In that case the plaintiff delayed more than three years before attacking the Mexican decree and had consented that an earlier action instituted by her for a declaratory judgment be dismissed on the merits.

The motion to dismiss the complaint is denied. Submit order.