CAROLINE J. STEWART, Plaintiff, *v.* HARRY J. STEWART, Defendant.

Supreme Court, Special Term, New York County, January 9, 1947.

*Abraham Lillienthal* for plaintiff.

*Edward C. Weinrib* and *Max Berey* for defendant and corespondent.

STEUER, J. Plaintiff wife sues for divorce. The parties met in 1935. At that time the defendant was married to one Evelyn

Louise Gilleran. In 1937 defendant sued his wife for divorce in Pennsylvania. Service was by publication. Neither party to that action was at the time a bona fide resident of Pennsylvania. Defendant obtained a judgment. Ten days later he and plaintiff were married. Some months later Evelyn Gilleran Stewart sued defendant in New York and obtained a divorce. A considerable time thereafter defendant obtained a Mexican divorce. No reliance is placed on this divorce. On January 9, 1946, defendant married the corespondent. Only one issue of fact was litigated at the trial — whether defendant was a resident of Pennsylvania at the time of his divorce proceedings there. It is found that he was not.

This finding is in accord with the decision in the *Evelyn Stewart* case, although that judgment, not being binding on plaintiff here, is not the basis of the finding. The situation, therefore, is that at the time of the wedding of the parties herein defendant was married to another woman. The question is, can he be heard to assert the invalidity of a divorce he himself induced the court to grant? This question has been precisely and authoritatively answered in the negative (*Krause* v. *Krause*, 282 N. Y. 355). It is, however, claimed that subsequent decisions have changed the rule. This is not the fact. What has been determined is that a purported judgment obtained without the appearance of either party in a foreign jurisdiction is a nullity and without any legal consequences (*Querze* v. *Querze*, 290 N. Y. 13). This principle, already recognized (*Vose* v. *Vose*, 280 N. Y. 779) was reiterated in the *Krause* case (*supra*).

There being no other issue, judgment is for the plaintiff.

The corespondent has appeared, as is her right. As far as she is concerned, the situation is entirely different. Nothing interferes with her right to assert the validity of her marriage and to have it so adjudicated. Her marriage being entirely valid, she is naturally free from any imputation of adulterous conduct.

Submit findings and judgment accordingly.