GERTRUDE WYNN, Plaintiff, *v.* HYMAN WYNN, Defendant.

Supreme Court, Special Term, Kings County, January 27, 1947.

*J. Murray Harris* for plaintiff.

*Francis X. Mancuso* for defendant.

COLDEN, J. Motion by the plaintiff to dismiss, pursuant to rule 109 of the Rules of Civil Practice, the three complete defenses which the defendant has asserted to plaintiff's first cause of action.

The cause of action to which the defenses here challenged are addressed alleges that the parties were married in the borough of Brooklyn on May 22, 1941, and that there is no issue of the marriage; that on the 1st day of September, 1943, the plaintiff procured an alleged judgment of divorce in the First Civil Court for the Bravos District for the State of Chihuahua, Mexico, in which action the defendant appeared by an attorney; that said divorce was obtained at a time when both parties were residents of the State of New York and neither a resident or citizen of Mexico; that in fact neither of the parties ever appeared in Mexico either at the time of the filing of the complaint, at the trial of the divorce action, or at any other time, and that the courts of said country had no jurisdiction over the parties and said decree thus obtained is wholly null and void and of no effect against either the plaintiff or the defendant; that no decree of divorce, annulment of marriage or separation has been granted in favor of either party as against the other in any court of competent jurisdiction in this State or in any other State, territory or dependency of the United States, or in any foreign country on the ground of adultery or otherwise and there is no other action pending between the parties for such relief. Plaintiff seeks judgment declaring that she is the lawful wife of the defendant notwithstanding the foregoing Mexican decree of divorce.

In the first defense to the foregoing cause of action, the defendant alleges that he and the plaintiff entered into an escrow agreement whereby he deposited the sum of $7,200 which was to be turned over to the attorney for plaintiff's mother upon the production by the plaintiff of a copy of a decree of divorce which she was to obtain against the defendant in Mexico, or in any other court of competent jurisdiction; that he would not have entered into said escrow agreement nor deposited the sum of $7,200 in escrow had the plaintiff not represented that she would obtain a decree of divorce against him; that by reason of the foregoing it would be unjust and inequitable to permit the plaintiff to prosecute her first cause of action. The second defense repeats the allegations of the first and adds that the defendant, relying upon plaintiff's representation to obtain a valid decree of divorce, has remarried and that by reason thereof it would be

unjust and inequitable to permit the plaintiff to prosecute her first cause of action. The third defense realleges, by reference, the allegations of the first two defenses and alleges that the plaintiff has allowed three years to elapse since she obtained the Mexican decree of divorce, and since the aforesaid sum of $7,200 was paid over to her mother, and that by reason thereof plaintiff has been guilty of laches.

In sustaining the sufficiency of plaintiff's complaint, Mr. Justice WALSH held (188 Misc. 425, 426): " In the present case the parties admittedly never went to Mexico. Their attempt to dissolve their marriage by a mail-order Mexican divorce was a fraud upon the State of New York. Under the circumstances, that divorce could not be valid. (*Querze* v. *Querze*, 290 N. Y. 13.) "

It has been held that a jurisdictionally defective decree of divorce obtained by a spouse will have no effect upon the right of either spouse to a full adjudication in our courts upon the question of the existing marital status. (*Stevens* v. *Stevens*, 273 N. Y. 157; *Davis* v. *Davis*, 279 N. Y. 657; *Vose* v. *Vose*, 280 N. Y. 779; *Maloney* v. *Maloney*, 288 N. Y. 532; *Querze* v. *Querze*, 290 N. Y. 13.) There is therefore no question that the plaintiff, notwithstanding that it was she who obtained the invalid mail-order Mexican decree, may prosecute a " parallel action " for the same relief. (*Krause* v. *Krause*, 282 N. Y. 355, 358–359.)

Plaintiff here, however, does not in her first cause of action seek to obtain by parallel action the same relief as that which she had obtained in Mexico, viz., the termination of the marriage relationship. She seeks, instead, *a declaration* to the effect that notwithstanding her Mexican decree of divorce, she is still the lawfully wedded wife of the defendant. Such being the case it may well be that upon the trial and without an affirmative plea, the court will apply the maxim " *  *  * that he who has done inequity in respect of the subject matter of an action * * * may not have equity as a matter of affirmative exercise of power by a court of equity." (*Lodati* v. *Lodati*, 268 App. Div. 1003, affg. 49 N. Y. S. 2d 805.)

The first defense, however, which is predicated upon an agreement for the plaintiff to obtain a divorce, is insufficient inasmuch as " The courts of this State have uniformly held that all agreements which are supported by a consideration or an inducement tending to encourage the severance of the marriage relationship are abhorrent to public policy, and are, therefore, illegal and unenforcible." (*Gould* v. *Gould*, 261 App. Div. 733, 735.) For the same reason that part of the third defense which pleads the .

parting by the defendant with the sum of $7,200 as a consideration for the plaintiff's promise to obtain a divorce is insufficient. The second defense which merely pleads the defendant's remarriage is insufficient, but coupled with the allegation in the third defense that the plaintiff before bringing suit has allowed three years to elapse since obtaining her Mexican decree, the defendant may be able to sufficiently plead the defense of laches to plaintiff's cause of action for judgment declaring the continuance of the marital status. In *Feldman* v. *Metropolitan Life Insurance Co.* (259 App. Div. 123, 125) the court said: " Laches, a defense peculiar to courts of equity, is founded on lapse of time and the intervention of circumstances * * * that render it unjust on equitable principles for a court of equity to assist plaintiff. * * * Laches * * * is not mere delay, but delay that works disadvantage or injury.''

It follows that the plaintiff's motion must be granted with leave however to the defendant to serve an amended answer in which he may assert the defense of laches, showing not mere delay but injury, change of position or other disadvantage resulting from such delay. Settle order on notice.