GRACE N. BLADES, Plaintiff, *v.* GLEN I. BLADES, Defendant.

Supreme Court, Special Term, Monroe County, February 14, 1948.

*James C. O'Brien* for defendant.

*Ray F. Fowler* and *Leonard D. Marafioti* for plaintiff.

WHEELER, J. Plaintiff sues for a decree of separation from her alleged husband, the defendant. Defendant moves to dismiss the complaint under rule 107 of the Rules of Civil Practice, upon several grounds, the most important of which is that there is an existing final judgment or decree of a court of competent jurisdiction determining the same cause of action between the parties. In support of his motion he presents exemplified copies of a decree of divorce dissolving the marriage between these two parties, the decree having been obtained by the plaintiff in Florida in 1943. In answering affidavits to the defendant's motion to dismiss the complaint, plaintiff admits that a decree of divorce was obtained by her in the State of Florida, but also sets forth facts which she alleges indicate the involuntary character of her action in securing that divorce.

It is apparent that, without more, either spouse who seeks the jurisdiction of another State for the purpose of obtaining relief from a marriage valid in this State will not be later heard in the State of New York to attack the validity of that decree. (*Senor* v. *Senor*, 272 App. Div. 306, affd. 297 N. Y. 800; *Matter of Lindgren*, 293 N. Y. 18; *Krause* v. *Krause*, 282 N. Y. 355.)

There is, however, a different question presented when it is alleged by the party who obtained the decree that such decree was secured by reason of fraud, duress or coercion practiced upon the moving party by the other spouse. This court cannot hold, as the defendant here would have it, that any and every determination of the marital status obtained in a jurisdiction foreign to New York State is secure from attack by the spouse who obtained the decree. (*Averbuck* v. *Averbuck*, 270 App. Div. 116.) Plaintiff's contention that the *Averbuck* case has been overruled by the *Senor* case (*supra*) is not supported by Justice PECK in the majority opinion of that case: " The allegations of fraud here do not amount to an enticement into Nevada by fraud, coercion or duress which would warrant an attack upon the decree under the decision in *Averbuck* v. *Averbuck* (270 App. Div. 116)."

Therefore, the naked question of the moving party in a matrimonial action in a sister State being precluded from deny-

ing in this State the validity of that decree is complicated and, this court believes, completely altered by the issue of fraud, duress or coercion. If this plaintiff had directly attacked the Florida decree, alleging the fraud or duress as the motivation therefor, there is little question but that, regardless of the obvious difficulties inherent in establishing the fraud in a case such as this, we could but leave the plaintiff to her proof.

As the pleadings now rest, the plaintiff has demanded judgment of separation without first having removed the barrier that stands in the way of her potential relief; she has thrown the burden of proof of the Florida decree upon the defendant, and, by affidavit, has set forth the alleged fraud and duress of the defendant upon her to procure the foreign decree. Plaintiff's answering affidavits, however, do not present a prima facie answer to the defendant's affirmative defense; the affidavit of the plaintiff herself defeats her purpose, by denying the alleged fraud and duress.

The statement of plaintiff that " *   *   * if the defendant had stated to deponent that he intended to remarry, she would not have sought the divorce in spite of the threats and physical violence practiced upon her   *   *   * "(page 3, plaintiff's answering affidavit) is out of joint with her expressed fear of the physical violence with which she was allegedly threatened. And her procrastination, " *   *   * in the hopes that the situation could be straightened out " (page 4, plaintiff's answering affidavit) in securing the Florida decree after she had met the residential requirement, rather than indicating duress or coercion practiced upon her, stresses the voluntary nature of her action. Though impressed by the expressed desires of the defendant she may have been, her sworn statement is not persuasive that the manifestation of defendant's desires so far *compelled* her to act as to make the proceedings involuntary on her part.

The motion to dismiss the complaint is granted, without prejudice to plaintiff to request, in a proper action, a determination of the present status in this State of her marriage to the defendant.

Ten dollars costs.

Submit order accordingly.