HATTIE LILIENTHAL, Plaintiff, *v.* HERBERT LILIENTHAL, Defendant.

Supreme Court, Special Term, New York County, October 28, 1948.

*B. F. Lerch* for defendant.

*Arthur Whitehill* for plaintiff.

HOFSTADTER, J. The defendant moves to dismiss the complaint under rules 106 and 107 of the Rules of Civil Practice on the ground that it does not state facts sufficient to constitute a cause of action and that there is an existing final judgment by a court of competent jurisdiction determining the same cause of action. The complaint contains two causes of action; in the first the plaintiff prays for a declaratory judgment determining that a final decree of a Florida court divorcing her and the defendant is void and that she is still the defendant's lawful wife, while in the second, in disregard of that divorce decree, she demands judgment of separation on the ground of abandonment.

The Florida decree is attacked on the usual ground that the court lacked jurisdiction because the parties assertedly are residents of this State. The action in Florida was instituted by the defendant on August 4, 1947. Thereafter, the plaintiff not only appeared in the action by attorney, but according to the undenied affidavit of the defendant, testified personally on

a hearing in open court held on her petition for temporary alimony. She later filed an answer and amended answer in the Florida suit. Her amended answer included a cross complaint for divorce *a vinculo matrimonii* and the final divorce decree made on March 5, 1948, decreed that " the defendant and cross-complainant, Hattie Lilienthal, be and she is hereby awarded a decree    *    *    *.'' This decree confirmed the report of a Special Master in Chancery made after a hearing at which the parties personally as well as witnesses for each testified. Counsel for the plaintiff herein (defendant and cross complainant in the Florida suit) cross-examined.

The Florida court made an order for temporary alimony of $25 weekly. The final decree made no provision for alimony, the parties having through their attorneys concluded an agreement under which the defendant paid and the plaintiff accepted $2,000 in full discharge of all his obligations to the plaintiff.

The plaintiff in her affidavit states that the defendant went to Florida solely for the purpose of obtaining a divorce and her answer in the suit there denied the allegations of the complaint that he was resident and domiciled in Florida. The final decree, however, determined that the court had jurisdiction of the parties. Moreover, beyond the plaintiff's bald assertion that the defendant's Florida domicile was colorable, there is no disproof of the statement in his affidavit that he is now a qualified registered voter in Florida.

The plaintiff, having not merely submitted to the jurisdiction of the Florida court but having by her cross complaint sought affirmative relief, is barred from attacking its jurisdiction collaterally. (*Senor* v. *Senor,* 272 App. Div. 306, affd. 297 N. Y. 800.) She had full opportunity to litigate there the defendant's Florida domicile, which was the basis for jurisdiction of the Florida court. Implicit in its decree is a finding of the necessary jurisdictional facts and the plaintiff, by her participation in the Florida action, is now concluded by that finding. (*Sherrer* v. *Sherrer,* 334 U. S. 343; *Coe* v. *Coe,* 334 U. S. 378.)

The plaintiff would avoid the application of the foregoing rule by claiming that she was induced to enter her appearance in the Florida suit by fraud and duress. It may be that an appearance so induced is not a voluntary appearance and that the victim of such fraud and duress may attack the decree as though she had not become a party to the suit in the foreign jurisdiction. (See *Averbuck* v. *Averbuck,* 270 App. Div. 116). Even so, the plaintiff does not either in her complaint or in her affidavit on this motion make out a case entitling her to

invoke this doctrine. What she asserts is similar to what was held insufficient to impeach an appearance in *Finan* v. *Finan* (47 N. Y. S. 2d 429). If anything, the plaintiff's case here is weaker.

The motion to dismiss the complaint is, therefore, granted. Settle order.