Thomas A. Aurelio, J.
Defendant moves to dismiss the several causes of action in the complaint. In the first cause of action the plaintiff sues for a declaratory judgment that the defendant is her husband and that a separation agreement and decree of divorce entered in the State of Alabama in February, 1960 are invalid. She alleges that neither plaintiff nor defendant were residents of Alabama, and that she was induced to institute the action there and to execute a separation agreement by false and fraudulent representations that the amount provided for plaintiff’s support in the agreement was in excess of the separate maintenance plaintiff would have been able to obtain in an action brought therefor in a court of competent jurisdiction, and by falsely inducing plaintiff to refrain from seeking counsel of her choice. The allegations of fraud here do not amount to an enticement into Alabama by fraud, duress or coercion, which would warrant an attack upon the Alabama decree of divorce. And having invoked the jurisdiction of the Alabama court on oath of her own residence and appearance of the other party, plaintiff may not now impeach its decree on the ground that the Alabama court did not have jurisdiction because she was not a bona fide resident of Alabama (Senor v. Senor, 272 App. Div. 306, affd. 297 N. Y. 800). The motion to dismiss is granted.
In the second cause of action plaintiff requests this court to cancel and set aside all documents and instruments by plaintiff in which she relinquished her real and personal property rights on the ground that she was fraudulently induced to sign said instruments. As a defense to this action defendant maintains that the antenuptial agreement, signed several months before their marriage, expressly provided that plaintiff would at any time after her marriage to defendant sign and execute any instrument at defendant’s request for the purpose of transferring or transacting any business with respect to any property of defendant free and clear of all rights which plaintiff might have in said property. The plaintiff contends in her opposing affidavit that the defendant voluntarily revoked the antenuptial agreement as a gift to plaintiff after the first year of marriage. An issue is thus raised which must be tried. Motion is denied.
The third cause of action is for separation based on nonsupport and cruelty, and for alimony. This action does not lie in view of the disposition made on the first cause of action, and is therefore dismissed.