■ ARDELLE ALLENSON, Individually, and as Guardian ad Litem of WENDY J. ALLENSON, an Infant, Respondent, v. ROBERT M. FURMAN et al., Appellants, et al., Defendant.— Judgment unanimously reversed on the law and on the facts, the decision vacated, and the complaint dismissed on the law with costs to defendants-appellants. The sudden and high speed traverse of the highway by the second car and its coming to rest directly in the path of the car driven by defendant Furman resulted in an emergency not of his doing and not reasonably to have been anticipated by him. Confronted with the sudden emergency, this defendant was "not obliged to exercise the best judgment" (*Rowlands* v. *Parks,* 2 N Y 2d 64, 67.) As a matter of law, bearing in mind the distances between and the speed of the vehicles, and under all the circumstances, the defendant did not have reasonable opportunity for deliberate action to avoid this accident. On the record here, the plaintiff failed to establish actionable negligence on the part of defendants-appellants. (See *Rowlands* v. *Parks, supra*; *Meyer* v. *Whisnant,* 307 N. Y. 369; *Wolfson* v. *Darnell,* 15 A D 2d 516.) Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ HARRIETT SOMMER, Appellant, v. ABRAHAM SOMMER, Respondent.— Order, entered on November 10, 1961, granting defendant's motion to dismiss the first and third causes of action pursuant to rule 107 of the Rules of Civil Practice, unanimously modified, on the law and in the exercise of discretion, to the extent of granting plaintiff leave to amend her complaint and in any event without prejudice to her bringing another action in this or any other jurisdiction if so advised, and, as so modified, affirmed, without costs. We are constrained to uphold the dismissal of the causes of action seeking declaratory judgment to the effect that the decree of divorce issued in Alabama is null and void and seeking other relief as well (see *Senor* v. *Senor,* 272 App. Div. 306, affd. 297 N. Y. 800). It may be, however, that there are additional facts which could be pleaded by plaintiff that will cure the defects in the present complaint or that she may be able to obtain similar or related relief in another jurisdiction. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ. [31 Misc 2d 826.]