Bernard Newman, J.
Defendant moves to dismiss the three causes of action alleged in an amended complaint pursuant to subdivisions 1 and 4 of rule 107 of the Rules of Civil Practice.
In the first cause, plaintiff seeks a declaratory judgment that a decree of divorce obtained by her in Alabama on February 29, 1960 is null and void; and that a separation agreement entered into between the parties on February 23, 1960 — which was ratified and confirmed in the Alabama divorce decree — is also void. The second cause asks for an accounting. In the third cause, plaintiff seeks a separation decree — a prayer for relief which is conditional on her success in obtaining the declaration sought in the first cause.
The original complaint contained three essentially similar causes of action. On defendant’s motion, the first cause was dismissed on the ground that plaintiff could not impeach the Alabama decree which she had obtained on the inadequate allegations of fraud to entice her into the Alabama jurisdiction. The third cause was dismissed, likewise, since it depended upon success in the first cause. However, the second cause for an accounting was sustained (Sommer v. Sommer, 31 Misc 2d 826). On plaintiff’s appeal from the Special Term’s holding, the order was modified only to the extent of granting plaintiff leave to amend or to bring another action in this or any other jurisdic *380 tion, and otherwise affirmed (Sommer v. Sommer, 16 A D 2d 629). The Appellate Division felt “ constrained to uphold the dismissal of the causes of action seeking declaratory judgment to the effect that the decree of divorce issued in Alabama is null and void ” (citing Senor v. Senor, 272 App. Div. 306, affd. 297 N. Y. 800). Continuing, the Appellate Division said: “It may be, however, that there are additional facts which could be pleaded by plaintiff that will cure the defects in the present complaint or that she may be able to obtain similar or related relief in another jurisdiction. ’ ’ Defendant did not appeal from the denial of the motion to dismiss the second cause of action.
Inasmuch as the second cause in the amended complaint is identical with the second cause in the original pleading, it must be upheld on the present application. Defendant may not obliquely relitigate the sufficiency of that cause, in the light of his failure to appeal from the denial of the branch of his motion to strike the second cause from the original complaint.
The controlling question to be decided in the instant motion is whether the additional allegations and averments in the amended complaint and affidavits have cured the defects of the original pleading.
Implicit in the decision of the Appellate Division (16 A D 2d 629), which granted leave to amend, is the recognition that under certain circumstances a decree of divorce of a sister State may be collaterally attacked in our courts. The recent holding in Hartigan v. Hartigan (272 Ala. 67) wherein the Alabama court, sua sponte, vacated a divorce decree where the parties indicated they were nonresidents of Alabama, is not germane to the issue here. What the Alabama court would do on its own motion if these parties were before it, by virtue of Hartigan, is beside the point. (And see Aiello v. Aiello, 272 Ala. 505.) Accepting the premise that there can be a collateral attack on the Alabama decree upon proper allegations of an enticement into the foreign jurisdiction by fraud, coercion and duress, this court must decide whether the amended pleading has met the requirements of the cases permitting such an attack (Averbuck v. Averbuck, 270 App. Div. 116).
The court concludes that the allegations and averments of coercion and duress are still inadequate to overcome the doctrine of Senor v. Senor (supra). In the Senor case, the Appellate Division emphasized (p. 312) that the public policy of this State is not interested in “ serving the vagaries of those who would play fast and loose with the marriage relationship, swearing to a residence in one State for the purpose of obtaining a divorce, and at some later time willing and anxious to impeach their oath *381 for some further private purpose and that where the rendering court found the domicile in that State of one of the parties, such finding was presumptively correct. On the other hand the Appellate Division cited, with approval, Averbuck v. Averbuck (supra) which held that if one of the parties were forced or enticed into the foreign jurisdiction by duress, coercion, or fraud, the decree could be attacked. Here, plaintiff invoked the jurisdiction of the Alabama court and obtained a divorce in that State, predicated upon her oath of residence and the personal appearance of her husband. Consequently, plaintiff may not assert the invalidity of the divorce on the ground that Alabama had no jurisdiction because of her nonresidence, except if plaintiff had been forced or enticed into that State by fraud, coercion or duress. No such force or enticement can be spelled out from plaintiff’s allegations or averments (cf. Averbuck v. Averbuck, supra).
Consequently, the first and third causes of action in the amended complaint must be stricken. In view of that disposition, it becomes unnecessary to pass upon the other substantial points raised by defendant, regarding the nonresidence of the parties and the declining of jurisdiction of the declaratory judgment action as a matter of discretion.
Accordingly, the motion is granted to the extent of dismissing the plaintiff’s first and third causes of action and otherwise denied, but, as the Appellate Division ruled, without prejudice to her bringing another action in this or any other jurisdiction if so advised.