Dorothy B. Shapiro, Respondent, *v.* Jules Shapiro et al., Appellants.

First Department, March 5, 1963.

*Harry Litwin* of counsel (*Leo Goldsmith, Jr.,* with him on the brief; *Greenwald, Kovner & Goldsmith,* attorneys), for appellants.

*Lawrence Lauer* of counsel (*Edward R. Garber,* attorney), for respondent.

*Per Curiam.* This is an appeal from an order entered September 20, 1962, which denied defendants' motion to dismiss the complaint for insufficiency and on the ground that there is an existing final judgment and decree of a court of competent jurisdiction determining the same cause of action between the parties.

Plaintiff sought a declaratory judgment declaring, *inter alia,* that plaintiff is the lawful wife of defendant Jules Shapiro and that an Alabama decree of divorce obtained by plaintiff is invalid and of no force or effect in law, and that the defendants are not husband and wife.

The amended complaint (the original having previously been dismissed) alleges in part that defendant Jules Shapiro went to the State of Alabama and '' purported to obtain a divorce from the plaintiff in a court in said state; that although the plaintiff herein, Dorothy B. Shapiro, was the plaintiff in the above-mentioned divorce action, the said Dorothy B. Shapiro never personally appeared before the court of the State of Alabama '' and that neither party was a resident of Alabama.

The copy of the Alabama decree, which is attached to and made a part of the complaint, recites the complaint was submitted upon a bill of complaint by the plaintiff herein, acceptance of service of process, answer and waiver of the defendant herein,

Jules Shapiro, the parties were represented by counsel and the testimony was taken by submission.

As appears by the decree, all of the requisites of jurisdiction and due process existed so that the Alabama court could properly enter a decree of divorce. Plaintiff does not assert that she did not appear by counsel, nor does she claim that she was induced to institute or maintain the Alabama action by reason of false or fraudulent representations or by duress, or that she was enticed into the Alabama jurisdiction by such means. The apparent possibility that plaintiff has undergone a change of mind or heart since obtaining the decree is not sufficient reason to permit impeachment of the decree by her. Nor is it sufficient reason for this court, at plaintiff's request, to declare the invalidity of the decree (*Senor* v. *Senor,* 272 App. Div. 306, affd. 297 N. Y. 800; *Sommer* v. *Sommer,* 31 Misc 2d 826, mod. 16 A D 2d 629, only insofar as to grant leave to amend or dismiss without prejudice; *Starbuck* v. *Starbuck,* 173 N. Y. 503).

Plaintiff has once been afforded an opportunity to amend and has served an amended complaint to which the defendants' motion was directed. Such amended complaint does not allege sufficient to warrant nonrecognition by this court of the presumption of validity or for the court to declare the decree offensive to our public policy, for " the State has no interest in serving the vagaries of those who would play fast and loose with the marriage relationship, swearing to a residence in one State for the purpose of obtaining a divorce, and at some later time willing and anxious to impeach their oath for some further private purpose " (PECK, J., *Senor* v. *Senor,* 272 App. Div. 306, 312). *Weiner* v. *Weiner* (13 A D 2d 937) cited by respondent, is not applicable. In that case it was the defendant who obtained the Florida decree of divorce and who sought to take advantage of the same. Here it is the plaintiff who seeks to impeach the decree some 16 months after the decree was obtained, in which she appeared and in which she was listed as the complainant. (See, also, *Krause* v. *Krause,* 282 N. Y. 355.)

The order appealed from should be reversed, on the law and the facts, with costs to appellants, and the complaint dismissed.

VALENTE, J. P., McNALLY, STEVENS, STEUER and BASTOW JJ., concur.

Order, entered on September 20, 1962, unanimously reversed, on the law and the facts, with $20 costs and disbursements to appellants, and the motion to dismiss the amended complaint granted, with $10 costs.