## (October 21, 1964)

■ HELENA A. WOOD, Appellant-Respondent, v. WALTER A. WOOD, Respondent-Appellant.— The appeals in this matrimonial action are from a judgment and related orders by which, among other things, plaintiff's causes of action for a separation, and defendant's counterclaim for like relief, were dismissed on the merits, and defendant's counterclaim for an annulment of the marriage was granted, as was his counterclaim for a judgment directing plaintiff to convey to him her interest in the co-operative apartment occupied as the marital home. The counterclaim for annulment tested the effect to be given a divorce which plaintiff had obtained from her former husband in a Mexican court. On that issue there is in our opinion no difference of substance between this case and *Rosenstiel* v. *Rosenstiel* (21 A D 2d 635), decided herewith, and it follows that the annulment should be vacated. Plaintiff's interest in the co-operative apartment was a gift to her from defendant assertedly made in the belief that he was validly married to her, and the direction for the return of the gift is premised on the invalidity of the marriage. As we hold the marriage valid, the return of the gift should not be required. The conclusion that neither party is entitled to a separation is sustained by the evidence. Accordingly the judgment and orders are modified, on the law and on the facts, to the extent of vacating the annulment and upholding plaintiff's interest in the co-operative apartment, and, as so modified, affirmed, without costs. Concur — Botein, P. J., Stevens and Staley, JJ.; Valente, J., concurs and on an additional ground in the following memorandum: I concur. But here, too, I would, as an additional reason for denying the annulment, apply the principle of equitable estoppel which is discussed in my concurring opinion in *Rosenstiel* v. *Rosenstiel* (21 A D 2d 635) decided simultaneously herewith. Defendant should be estopped from contesting the validity of plaintiff's Mexican divorce since the record and findings demonstrate that defendant was aware of the existence of the Mexican decree and had every opportunity to learn the details concerning it, and that, relying on its validity, married the plaintiff. Indeed plaintiff's copy of the decree used in the marriage ceremony performed in France — an exhibit in this case — bears defendant's initials. McNally, J., dissents in the following memorandum: I dissent and vote to affirm the judgment on the opinion of Mr. Justice COLEMAN and for the following reasons. The divorce in the present case is invalid. The Mexican court did not even purport to find that either of the parties before it was a resident of that country. In fact, plaintiff makes no claim of residence. The Mexican court based its jurisdiction solely on submission to the court's jurisdiction. This is abhorrent to our public policy requiring jurisdiction of the marital *res* as a condition of giving effect to a foreign divorce decree. (*Caldwell* v. *Caldwell*, 298 N. Y. 146; *Querez* v. *Querez*, 290 N. Y. 13; *Vose* v. *Vose*, 280 N. Y. 779.) The personal appearance of the wife in the Mexican divorce action constituted her submission to the court's jurisdiction in compliance with article 23 of the Law of Divorce of Chihuahua, in that both parties submitted to the jurisdiction. Her compliance with article 23 was as if she executed a power of attorney in New York and never made any appearance as was the case with her former spouse. Her mere physical appearance in the court changed nothing and left the situation exactly as it would have

been had the entire proceeding taken place by mail. While it may be argued that article 23 gave the Mexican court jurisdiction, it does not entitle its decree to recognition in New York State. The public policy of the State of New York proscribes submission of the marital *res* as a basis for the extension of comity to a foreign divorce decree. (Domestic Relations Law, § 51.) Settle order on notice. [41 Misc 2d 95, 112.]