Martha Zelman, J.
Before the Bench is an action by plaintiff in the sum of $2,583 representing nine monthly support payments pursuant to a separation agreement executed on August 31, 1967 and incorporated in a divorce decree granted in Chihuahua, ithe Republic of Mexico. Strangely enough the defendant husband was the moving party in the divorce action. Today, eight years later, defendant in his answer alleges two affirmative defenses and .counterclaims; “ that defendant-husband was duressed and coerced into execution of the Separation Agreement and that the plaintiff-wife was physically and mentally infirmed .and incapacitated at the time of execution of the Separation Agreement.”
Plaintiff, before proceeding to trial by jury, has made a motion to strike the defendant’s defenses as insufficient in law and that a verdict be directed for plaintiff. Plaintiff has raised the argument that the defendant is barred by the Statute of Limitations in bringing this action. CPLR 203 (subd. [c]) states “ a defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim ariose from the transactions * * * upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed.” The section applies to commencing actions within the statutory period and therefore the defendant’s Contention that the Statute of Limitations has not run as to his defenses and counterclaims is correct.
*491 Plaintiff, however, contends that the Civil Court has no equitable jurisdiction to reform, rescind or modify separation agreements relating to marriage contracts. “ Absent a specific grant of power, [the Civil Court of the City of New York] may not exercise ordinary powers of a court of equity.” (See Kwoczka v. Dry Dock Savs. Bank, 52 Misc 2d 67, 70.) The Civil Court has no general equity jurisdiction except as specifically provided by statute.
Interestingly enough, but sadly, section 203 of the New York City Civil Court Act empowers the Civil Court to grant equitable relief to litigants in respect to actions involving real property, but not with respect to matters involving people’s rights, i.e., contractual rights, support, etc. In the opinion of this court the Legislature has ndt had the foresight to keep equitable jurisdiction in matters under $10,000 together with actions at law in one court. Certainly this would be more feasible as well as more economical and improve the quality of justice granted in our Civil Court system. To refuse one to come to the Civil Court for money damages on a contract and go to the 'Supreme Court for rescission or reformation on the same Contract is to duplicate the litigation and must cause severe hardship on litigants seeking their day in court. Since the Civil Court is presently being used to handle Supreme Court cases why not transfer the equitable jurisdiction of the Supreme Court to the Civil Court in matters less than $10,000? Therefore, this court must also dismiss the plaintiff’s argument that the suit is barred on the ground of laches since this is also an equitable remedy. (See 36 N. Y. Jur., Limitations and Laches, 1 153, p. 140.) The doctrine of laches is a doctrine peculiarly applicable to suits in equity; it does not operate to bar actions at law. (See Wynn v. Wynn, 189 Misc. 96.)
Therefore, this court must direct a verdict for plaintiff in the sum of $2,583, plus interest and cost from May 1,1974. The court must dismiss defendant’s counterclaims and defenses without prejudice since matters of equity with regard to people are not within the jurisdiction of this court.
There being no triable issues of fact, the jury is disbanded.