[Civil No. 4793.   Filed June 11, 1945.]

[159 Pac. (2d) 305.]

JEWEL BERTIE HALLFORD, widow of William Isaac Hallford, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA, and RAY GILBERT, FRED E. EDWARDS and EARL G. ROOKS, as members thereof, Respondents.

Mr. Stephen B. Rayburn, and Mr. H. M. Van-Denburgh, for Petitioner.

Mr. David P. Jones, and Mr. H. S. McCluskey, for Respondent Commission.

MORGAN, J.—On November 29, 1941, the respondent Industrial Commission made an award to petitioner, the widow of William Isaac Hallford, for a monthly payment until her death or remarriage, and a payment in one sum of $1663.20, in the event, and at the time, of her remarriage. On November 14, 1942, the petitioner married one Wade V. Williams. The respondent paid her a lump sum as provided in its award. On February 17, 1943, petitioner filed in the superior court of Maricopa County a complaint for annulment of her marriage with Williams, alleging that the marriage was null and void for the reasons following:

" . . . said marriage is null and void, and of no effect in that the defendant was guilty of misrepresenting his condition in life, and that he stated to plaintiff that he was making sufficient money to support plaintiff, and that he would continue to make a home for her and support plaintiff.

"That immediately after the date of said marriage, defendant moved into the home of plaintiff and refused to provide funds with which plaintiff could secure the necessities of life, and that it was necessary for plaintiff not only to support herself, but also to support the defendant, and that defendant wholly fails to make any effort to carry out the promises which he made to plaintiff, and that the statements of defendant were false and fraudulent.

"That upon learning that defendant had misrepresented his condition in life, and that he had misrepresented the fact that he could and would support plaintiff, plaintiff caused defendant to remove himself from her home, and that plaintiff has ever since said date

refused to maintain marital relations with the defendant.''

On March 23, 1943, the superior court entered decree annulling the marriage of petitioner and Williams, based upon the following findings:

'' . . . and the court, being fully advised in the premises, finds the issues in favor of the plaintiff and against the defendant, and finds specifically that the plaintiff's complaint states a valid and subsisting cause of action for annulment of marriage, and that the plaintiff has proved all the material allegations of her complaint, by competent evidence duly corroborated.''

The petitioner made application to respondent to reinstate her monthly payments, filing therewith the decree of annulment, and offering to tender back the lump sum settlement. Upon the hearing, the commission concluded that the superior court was without jurisdiction in entering the decree of annulment and ordered that petitioner's application to have the original award reinstated be denied. From this award petitioner has appealed.

▪ ■■ Whether or not the award was properly made rests upon the force and effect of the decree of annulment. Unless the judgment is void, it is binding upon the commission and may not be attacked collaterally. On the other hand, a void judgment is no judgment at all and may be attacked in a collateral proceeding. This court has repeatedly stated that three elements must occur or a judgment is void upon its face, and hence subject to be attacked at any time. These elements are (1) jurisdiction of the subject matter of the case, (2) of the persons involved in the litigation, and (3) to render the particular judgment given. *Brecht* v. *Hammons,* 35 Ariz. 383, 278 Pac. 381; *Maricopa County* v. *Bloomer,* 52 Ariz. 28, 78 Pac. (2d) 993; *Hill* v. *Favour,* 52 Ariz. 561, 84 Pac. (2d) 575. In the Brecht case [35 Ariz. 383, 278 Pac. 382] it was said,

" . . . When, however, the facts are admitted in the pleadings, and the court's determination is based upon an error as to the law arising out of the admitted state of facts, its decision is not conclusive, and the judgment, in case the decision was in error, is subject to collateral attack. . . .

" . . . There was no issue of fact for the trial court to determine on that point, and its conclusion that it had jurisdiction was one of law alone, and since the face of the record shows affirmatively that the court did not and could not have jurisdiction of the subject-matter of the case, the judgment was void, and not merely voidable."

Again, in the Hill case [52 Ariz. 561, 84 Pac. (2d) 580] it was said,

" . . . It is settled by the decisions of this court and others that jurisdiction of the parties and the subject-matter is not only essential to a valid judgment but that the court have jurisdiction to enter the particular judgment it did enter. . . . "

In the case at bar there is no dispute as to the facts. The defendant failed to appear or defend. The judgment discloses that it is based upon the facts alleged in the complaint. If, under these conceded facts, as a matter of law the court had no power to grant a decree of annulment, the decree is void under the decisions above cited. The power of the superior courts to annul a marriage is found in Section 27-801, Arizona Code Annotated 1939:

"The superior courts may dissolve a marriage, and may decree the marriage to be null and void, where the cause alleged shall be an impediment rendering such contract void."

No facts are set out in the complaint or found in the judgment of any impediment which renders the marriage contract between the petitioner and Williams void. Allegations of false and fraudulent representations as to station and condition in life do not constitute a ground for annulment under the terms of the

statute. Such misrepresentations cannot be considered as an impediment to the marriage contract. It has been repeatedly held that a decree of annulment based upon a complaint alleging false and fraudulent representations as to station and condition in life and financial responsibility cannot be sustained, since such representations do not affect the validity of the marriage. *Marshall* v. *Marshall,* 212 Cal. 736, 300 Pac. 816, 75 A. L. R. 661; *Foy* v. *Foy,* 57 Cal. App. (2d) 334, 134 Pac. (2d) 29; *Mayer* v. *Mayer,* 207 Cal. 685, 279 Pac. 783; *Williams* v. *Williams,* 2 W. W. Harr. 39, 32 Del. 39, 118 Atl. 638; *Bielby* v. *Bielby,* 333 Ill. 478, 165 N. E. 231; *Brown* v. *Scott,* 140 Md. 258, 117 Atl. 114, 22 A. L. R. 810; *Woodward* v. *Heichelbech,* 97 N. J. Eq. 253, 128 Atl. 169; 14 A. L. R. 121, Annotations.

In the case at bar the complaint discloses that the parties lived together as husband and wife from the date of marriage until February 17, 1943, a period of approximately three months. It may be presumed that the marriage was fully consummated. Petitioner has cited cases disclosing that marriage contracts entered into by reason of fraud have been held voidable rather than void. We think it unnecessary to discuss these decisions, however, because here the fraud or misrepresentation alleged was not of such a character as goes to the very essence of the marriage relation so as to be in effect an impediment to the contract. The decisions cited by petitioner arose under statutes specifically authorizing annulment where the marriage is induced by false representations. Annulment, under our statute, can be allowed only where the cause is of such a character as to be an impediment to the marriage contract.

We feel, too, that the decision of this court in *Southern Pacific Co.* v. *Industrial Comm.,* 54 Ariz. 1, 91 Pac. (2d) 700, is determinative of the issue on this appeal. In that case the applicant, whose husband died as the result of an industrial accident, was allowed an award, as in the present case. She remarried. A few

months thereafter she filed complaint for divorce which was later amended so as to pray for a decree of annulment, the grounds being physical incompetency of the defendant at the time of marriage. It was alleged that before marriage he had assured her that he was competent, and that she would not have entered into the marriage contract except for his fraudulent statements. Decree of annulment was entered by the trial court. The Industrial Commission, on this showing, reinstated applicant's original award, placing her upon a monthly payment basis. The respondent employer appealed the award, which was set aside by this court for the reason that since the cause of annulment was not within the grounds specified in the annulment statute, the decree was of no force and effect, and was subject to collateral attack. So in the present case, the cause upon which petitioner secured an annulment of marriage not being one authorized by law, the court had no jurisdiction to annul the marriage. The petitioner is still legally the wife of Wade V. Williams. She is not entitled to have set aside the lump sum settlement and have the original award reinstated.

The award is affirmed.

STANFORD, C. J., and LaPRADE, J., concur.