DOROTHY DORN, Plaintiff, *v.* JOSEPH J. DORN, Defendant.

Supreme Court, Special Term, Queens County, March 27, 1952.

*Charles A. Schneider* and *Milton I. Stockton* for defendant.

*George Rover* for plaintiff.

PETTE, J. Motion by defendant for an order dismissing the complaint for legal insufficiency. (Rules Civ. Prac., rule 106.)

This action was brought to recover $4,230 allegedly due under a separation agreement made by the parties on March 25, 1946.

By the terms of said agreement defendant agreed to pay $30 per week for the support of the plaintiff and a son, the issue of the marriage, until either plaintiff remarried after obtaining a divorce or defendant obtained a divorce in the State of New York. Thereafter defendant was to pay only $15 per week for the support of his son.

On April 14, 1946, plaintiff procured a Mexican mail-order divorce. Neither plaintiff nor defendant attended personally in Mexico, each being represented by counsel to whom powers of attorney were mailed from New York. On July 10, 1946, plaintiff purported to enter into a ceremonial marriage in New Jersey with one Adolph Stern. Since that time defendant has paid to the plaintiff only $15 per week for the support of their son. It is to recover the additional $15 per week for her own support that plaintiff brings this action.

Both parties concede that the Mexican divorce and the subsequent New Jersey marriage were totally invalid (*Caldwell* v. *Caldwell*, 298 N. Y. 146; *Landsman* v. *Landsman*, 302 N. Y. 45). Plaintiff claims that because of said invalidity defendant's obligation to her under the agreement continued at $30 per week. Defendant claims that this action is based on a private claim or demand, and that the Mexican divorce, despite its invalidity, operates as an estoppel against any such action.

It is significant that plaintiff allowed slightly more than five years to elapse before commencing this action. Unless defendant has already commenced an action for divorce based on plaintiff's cohabitation with Stern, his time to do so has expired and such an action would now be barred by the Statute of Limitations. (Civ. Prac. Act, § 1153, subd. 3; *Coyne* v. *Coyne*, 297 N. Y. 927.) In any event it is not alleged that defendant has obtained a New York divorce, and until and unless he does, the fact that grounds for one may exist is no defense to this action. (*Mohrman* v. *Kob*, 291 N. Y. 181, 186–187.) It follows that this motion must be denied unless plaintiff is estopped from denying the validity of the Mexican divorce and her purported remarriage.

Mexican mail-order divorces are so patently invalid that unlike divorces obtained in a sister State (see *Krause* v. *Krause*, 282 N. Y. 355) they do not estop a person who has procured one from commencing a matrimonial action in New York to have his or her marital status judicially determined. (*Caldwell* v. *Caldwell*, 298 N. Y. 146, *supra*; *Querze* v. *Querze*, 290 N. Y. 13; *Vose* v. *Vose*, 280 N. Y. 779.) However, an invalid foreign

divorce, whether obtained in a sister State (*Starbuck* v. *Starbuck*, 173 N. Y. 503) or in a foreign country (*Hynes* v. *Title Guar. & Trust. Co.*, 273 N. Y. 612) " will preclude the spouse who obtains it from asserting in our courts a private claim or demand arising out of the marriage ". (*Querze* v. *Querze*, 290 N. Y. 13, 17, *supra*.) (See, also, *Stevens* v. *Stevens*, 273 N. Y. 157, 158–159.)

Plaintiff's attorney cites *Matter of Rathscheck* (300 N. Y. 346, 352) for the proposition that Mexican divorces are totally invalid " for all purposes including estoppel ". In that case, however, the court was speaking of estoppel in matrimonial actions brought to have the marital status of the parties judicially determined, not suits upon private claims or demands. All three of the cases cited in support of the proposition (*Caldwell*, *Vose* and *Querze*) were matrimonial actions; in none of them was a private claim or demand sued upon. In short, while a void Mexican decree " may not be the foundation for the creation of any rights " (*Caldwell* v. *Caldwell*, 298 N. Y. 146, 150, *supra*), it may well be the foundation for the termination of rights (*Matter of Rathscheck*, 300 N. Y. 346, *supra*).

Plaintiff contends that " the claim for support and maintenance made by the plaintiff in this case arises not out of a contract between the parties. It is an obligation imposed by law upon the husband ". But it is the contract upon which plaintiff is here suing. Whatever right plaintiff may have to support and maintenance, apart from said contract, may not be pursued in this action. Unquestionably, plaintiff would not be estopped from maintaining an action to have her marital status judicially determined. As an incident thereto she might apply for alimony. (*Querze* v. *Querze*, 290 N. Y. 13, 17, *supra*.) At page 18 of the *Querze* case the Court of Appeals said: " The wife's right to alimony is not ' a private claim or demand ' arising out of the marriage of the parties. That right comes from the statute and not from the common law (*Romaine* v. *Chauncey*, 129 N. Y. 566, 571). Such a claim in itself furnishes no foundation for a cause of action; it is a mere incident of the judgment in a matrimonial action (*Galusha* v. *Galusha*, 138 N. Y. 272; *Fox* v. *Fox*, 263 N. Y. 68; Civ. Prac. Act, §§ 1169, 1170).''

The support for which plaintiff here sues is not sought as an incident to a matrimonial judgment but as an end in itself. It is the whole object of plaintiff's case. It is, therefore, not alimony as such, but rather a private claim or demand and,

consequently, the void Mexican decree and plaintiff's subsequent invalid marriage are a bar to this action. (*Starbuck* v. *Starbuck,* 173 N. Y. 503, *supra; Hynes* v. *Title Guar. & Trust Co.,* 273 N. Y. 612, *supra.*)

There is no merit to plaintiff's further contention that " the defendant was obligated by law and under the public policy of this State to support the plaintiff." The public policy of our State does not require a husband to support a wife who has remarried or who " is habitually living with another man and holding herself out as his wife, although not married to such man ". (Civ. Prac. Act, § 1172-c.)

The court is indebted to counsel for both parties for their excellent briefs which were of inestimable aid in the determination of the questions presented here.

The motion to dismiss the complaint is granted. Submit order.