301 P.2d 1029

Faith E. UNRUH and Yvette Rene Anderson, Petitioners,

v.

The INDUSTRIAL COMMISSION of the State of Arizona, and B. F. Hill, A. R. Kleindienst, and F. A. Nathan, Members of the Industrial Commission of the State of Arizona, and A. C. McCarrell, Respondents.

No. 6216.

Supreme Court of Arizona.

Oct. 9, 1956.

Lester J. Hayt and Alan Philip Bayham, Phoenix, for petitioners.

Robert K. Park, Phoenix, for respondent. John R. Franks, Donald J. Morgan and John F. Mills, Phoenix, of counsel.

STRUCKMEYER, Justice.

On October 2, 1941, William Royce An-·derson sustained injuries arising out of and in the course of his employment and was ·classified by the respondent Industrial Commission as permanently and totally disabled from that time until the date of his death, September 19, 1954. Petitioner herein, Faith E. Unruh, was the wife of deceased on the date of his injury. On July 14, 1945, in Juarez, State of Chihuahua, Mexico, petitioner obtained what is now commonly known as a "mail-order divorce", and thereafter on December 13, 1945, married James H. Unruh. As issue of this last marriage three children have been born. Acting under the belief that her previous divorce was void and that her second marriage was invalid, petitioner remarried James H. Unruh on November 5, 1954. Shortly after her remarriage to James H. Unruh, petitioner filed with the respondent a widow's claim for death benefits. The claim was denied and this appeal followed. Petitioner contends that her Mexican divorce was void and that consequently her marriage to James H. Unruh on December 13, 1945, was invalid; that, as the widow of William Royce Anderson on September 19, 1954, she was entitled to the death benefits expressly provided by Section 23–1046, A.R.S.

The record is uncontradicted that Mrs. Unruh was never in the State of Chihuahua, Mexico, but procured the divorce by mail through an attorney in Phoenix, Arizona. Moreover, the decree of divorce shows on its face that the action was filed in Mexico by petitioner's attorney and that at the hearing in Mexico both petitioner and decedent were represented by Mexican counsel. It contains no recital that either party was ever physically present or domiciled in Mexico. The Mexican court did not have the slightest semblance of jurisdiction to adjudicate the marital status of the

parties. Caldwell v. Caldwell, 298 N.Y. 146, 81 N.E.2d 60, In re Hensgen's Estate, 80 Cal.App.2d 78, 181 P.2d 69. Consequently, the divorce was void; the first marriage of petitioner to James H. Unruh was invalid and petitioner's status remained that of the wife of William Royce Anderson until his death at which time she became his widow. We are not in agreement with the Commission's argument that petitioner was not the legal widow of William Royce Anderson. We think this argument is fully answered in Moore Dry Dock Co. v. Pillsbury, 9 Cir., 169 F.2d 988, 990:

"* * * The Act does not provide that an employee's widow who, while married to such employee, went through a marriage ceremony with another man and thereafter lived with and was supported by him shall not be entitled to a death benefit. Such a provision should not be read into the Act by judicial construction."

It is the Commission's further position that even if petitioner is the legal widow of Anderson she cannot assert rights to death benefits for the reason that she is estopped to question the validity of the Mexican Decree of Divorce. The doctrine of estoppel has often been applied to marital controversies in this state. Green v. Green, 77 Ariz. 219, 269 P.2d 718; Brandt v. Brandt, 76 Ariz. 154, 261 P.2d 978; McCord v. McCord, 13 Ariz. 377, 114 P. 968. It precludes a party from asserting a right

inconsistent with a position previously taken to the prejudice of another acting in reliance thereon. In the instant case the benefits inuring to a surviving widow are granted by statute. Assuming that it is possible to say that the Commission was actually deceived, no change in the Commission's position can be said to have taken place since a widow's benefits are arbitrarily fixed by the terms of the statute. City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178, 102 A.L.R. 837. While the Commission has no authority to change the statutory condition upon which benefits depend, equitable principles may be applied in matters coming before it. Red Rover Copper Co. v. Industrial Commission, 58 Ariz. 203, 118 P.2d 1102, 137 A.L.R. 740.

There are certain principles recognized which are somewhat analogous to estoppel and which are sometimes described as a quasi estoppel. There the conscience of the court is repelled by the assertion of rights inconsistent with a litigant's past conduct. In actions similar to this it has been formulated into a positive rule:

"The validity of a divorce decree cannot be questioned in a proceeding concerning any right or other interest arising out of the marital relation, either by a sponse who has obtained such decree of divorce from a court which had no jurisdiction, or by a spouse who takes advantage of such decree by re-

marrying." Restatement of the Law, Conflict of Laws, Section 112.

Petitioner invoked the jurisdiction of the courts of Mexico in securing a divorce and then took advantage of such divorce by re-marrying. Having done so, she will not now be heard to question the validity of the Mexican divorce for her own personal financial advantage. In re Romanski's Estate, 354 Pa. 261, 47 A.2d 233; In re Tamke's Estate, 32 Wash.2d 927, 204 P.2d 526; In re Anderson's Estate, 121 Mont. 515, 194 P.2d 621; Starbuck v. Starbuck, 173 N.Y. 503, 66 N.E. 193, 93 Am.St.Rep. 631; Dorn v. Dorn, 202 Misc. 1057, 112 N.Y.S.2d 90.

Affirmed.

LA PRADE, C. J., and UDALL, WINDES and PHELPS, JJ., concur.