KIRBY ROYALTIES, INC., a corporation, Appellant (Defendant below) and State of Wyoming, per se, and State of Wyoming, acting by and through the Board of Land Commissioners, Appellant (Intervenor below),

v.

TEXACO INC., a corporation, Appellee (Plaintiff below).

No. 3748.

Supreme Court of Wyoming.

Nov. 19, 1969.

Houston G. Williams and George M. Porter, of Wehrli & Williams, Casper, for appellee.

Before GRAY, C. J., and McINTYRE and McEWAN, JJ.

## ON PETITION FOR REHEARING

PER CURIAM.

The appellee has filed a petition for rehearing in connection with our opinion in Kirby Royalties, Inc. v. Texaco Inc., Wyo., 458 P.2d 101.

The petition asserts our opinion is in derogation of soundly established trust law which devolves and vests legal title to real estate in the heirs of the trustee or of the last surviving of joint trustees, upon his death. We rejected this argument in our previous opinion because the heir through whom Texaco Inc. is claiming, Mrs. Roth, was not a statutory or appointed trustee under either Nebraska law or Wyoming law. We stated we did not accept the theory of Texaco that the common-law rule which Texaco stands on is applicable in this case.

It is noticeable that neither counsel for Kirby Royalties, Inc., counsel for Texaco, nor the Attorney General has discovered authority wherein the title of statutory trustees to assets of a dissolved corporation was ever held to pass to the heirs or devisees of a last surviving trustee. We have found no such authority either. The reason for this seems to be apparent in a statement in 16A Fletcher Cyclopedia Cor-

porations, § 8175, p. 408 (1962 Rev.), to this effect:

"Although the statutes characterize the directors upon dissolution as trustees, they are not trustees of a trust in any true sense of the word. * * *"

The authorities relied upon by Texaco deal mostly with express trusts and not with the type of trust involved here. Gould v. Brick, 5 Cir., 358 F.2d 437, 439, is cited as authority for Texaco's contention. The discussion in that case, however, relates to the *fiduciary duties* of a trustee, which are quite universally recognized. Nothing is said in the case about the devolution of the property involved.

As opposed to the contentions of Texaco, see Turner v. Browne, 351 Mo. 541, 173 S. W.2d 868, 875, where the Missouri court adopted Fletcher's view that, despite being characterized as trustees, the directors upon dissolution of a corporation are not trustees of a trust in any true sense.

If the rule contended for by Texaco did apply, Texaco would be on the horns of a dilemma. The Wyoming statute vests title in the directors or the last survivor; it does not say title to the assets of the dissolved corporation vests in heirs or devisees of the last surviving trustee. If that did happen, it would mean the *legal title* would pass under common law, but the heir or devisee would not be authorized to administer the trust. See 2 Scott on Trusts, § 105, pp. 834–835 (3d Ed.).

If we undertook to follow the common-law theory contended for by Texaco, the situation would be as stated in Bogert, Trusts and Trustees, § 529, p. 384 (2d Ed.). In other words, the successors of the deceased trustee would have the duty to take possession of and conserve the trust property, to account for the administration of the deceased trustee and to "aid in securing the appointment of a successor trustee by the court." See also Main Street Bank v. Nee, D.C.Mo., 75 F.Supp. 597, 599, reversed in part on other grounds Nee v. Main Street Bank, 8 Cir., 174 F.2d 425, certiorari denied 338 U.S. 823, 70 S.

Ct. 69, 94 L.Ed. 500, affirmed Nee v. Lindwood Securities Co., 8 Cir., 174 F.2d 434.

Hence, if we followed Texaco's theory, Texaco would have no title because Mrs. Roth, as a purported trustee, could under no circumstance convey the corporate property without having been appointed as a receiver by a court in Wyoming or as a trustee under the Nebraska statute. Under ordinary circumstances the power to sell trust property cannot be exercised unless it is conferred by the instrument by which the trust is created or by a decree of the court. Spencer v. Harris, 70 Wyo. 505, 252 P.2d 115, 118, 35 A.L.R.2d 959.

Petitioner argues for rehearing on the theory that our opinion fails to recognize the difference between the *legal title* to minerals and an *equitable title*. The opinion, Texaco claims, ignores or amends the legislative mandate contained in § 44–1102, W.C.S.1945, which provided that the property of a corporation should pass to and rest in the directors when a corporation was dissolved.

Even if we assumed, contrary to what we say is the case, that § 44–1102 had application to a foreign corporation such as Carbon Oil Company was, and even if there may be some lack of clarity in our opinion as to what kind of title passes by operation of law to the stockholders when a corporation is dissolved, none of this could possibly benefit Texaco.

From what we said in the original opinion and what we have now said in this opinion, it is entirely clear that Texaco can claim no title or interest in the minerals in question, except that it owns one-tenth of such minerals as we have already held. We pointed out in our previous opinion that Texaco must stand on the strength of its own title and not on the weakness of the title of defendant and the State.

We did say in our previous opinion that it is the general rule that at dissolution of a corporation the *equitable title* to the distributive shares vests in the respective shareholders. We also mentioned the case of Ban-Mac, Inc. v. King County, 69

Wash.2d 49, 416 P.2d 694, 695, where the court said the *legal title* to property of a dissolved corporation passed "by operation of law" to the stockholders who are the "beneficial owners" and who take as tenants in common.

There can be no doubt that the shareholders of Carbon Oil Company were the "beneficial owners" of its property after the corporation was dissolved. A trustee should have been appointed by a court of competent jurisdiction, and it would have been the duty of such trustee to pass the *legal title* of the property to the beneficial owners.

However, equity regards that as done which ought to have been done. Therefore, on the basis of this equity max-im, and after some 13 years of lapsed time, we can say what was said in the *Ban-Mac* case—the legal title passed "by operation of law" to the beneficial owners, the stockholders.

The statement made by Texaco, in its petition for rehearing, that we are condoning the bringing of an information in escheat more than five years after the true owner and claimant was known is predicated on the theory that Texaco was owner of all the minerals in the lands involved in this action. We think we have made it abundantly clear that this premise is not true. No further comment on the matter is necessary.

Petition denied.

Mr. Justice PARKER not participating.