Thomas F. STROOCK, Appellant (Co-Defendant below),

v.

KIRBY ROYALTIES, INC., a corporation, Appellee (Defendant below),

State of Wyoming per se, and State of Wyoming Acting By and Through the Board of Land Commissioners, Appellee (Intervenor below).

No. 4009.

Supreme Court of Wyoming.

Feb. 29, 1972.

Rehearing Denied March 24, 1972.

Jack D. Emery, Casper, for appellant.

K. W. Keldsen, Rawlins, for Kirby Royalties, Inc.

Sterling A. Case, Deputy Atty. Gen., for State of Wyoming.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

McINTYRE, Chief Justice.

In a judgment and decree culminating a quiet title action, the district court decreed that Thomas F. Stroock owned an undivided one-tenth interest in the oil, gas and other minerals underlying the following described lands in Carbon County, Wyoming:

E½SE¼ of Section 9; N½NW¼ and NW¼SW¼ of Section 15, Township 12 North, Range 93 West of the 6th P.M.

The judgment and decree further decreed that an undivided nine-tenths interest in the oil, gas and other minerals underlying the above described lands had escheated to the State of Wyoming, subject to the holding provisions set forth in § 9–688(d), W.S. 1957, 1971 Cum.Supp. The rights of Kirby Royalties, Inc., as lessee from the State of Wyoming, were recognized in the decree.

Stroock has appealed from the district court judgment, claiming to be the owner of *all* oil, gas and other minerals in the above described lands.

Although the lands involved in this case do not include the 80 acres involved in the case of Kirby Royalties, Inc. v. Texaco Inc., Wyo., 458 P.2d 101, reh. den. 461 P.2d 282, the source of title is the same. In the case reported at 458 P.2d 101, Texaco Inc. relied on two quit claim deeds which Stroock had taken from Isabelle Roth, widow of B. F. Roth, deceased. Mrs. Roth had conveyed individually and as trustee for creditors and stockholders of Carbon Oil Company, a dissolved Nebraska corporation.

In the case now before us, Stroock also relies on a quit claim deed obtained by him from Isabelle Roth. Her source of title was exactly the same for the land involved in this case and for the land involved in the former case between Kirby and Texaco. We explained in the former case why the most Mrs. Roth was able to convey was an undivided one-tenth interest in the mineral rights there involved. Exactly the same situation prevails with respect to the mineral rights involved in the case now before us.

Without repeating the reasons which were fully explained in our former decision, we will simply say, for the same reasons, Stroock's quit claim deed which is now relied on, from Isabelle Roth, conveyed nothing more than an undivided one-tenth interest in the minerals here involved.

Appellant seeks to distinguish the title here involved from the Texaco title in the former case. He does so by pointing out that in 1959 Stroock brought a proceeding in Carbon County, Wyoming, pursuant to §§ 2–325 to 2–328, W.S.1957, for a determination of heirs and the right of descent with respect to B. F. Roth, deceased. In the court's decree in that proceeding, the following provision was included:

"That by conveyance from Isabelle Roth, all interest of the heirs of Ben F. Roth, also known as B. F. Roth, and all remaining interest of the Carbon Oil Company, a Nebraska corporation now dissolved, passed to and is vested in the petitioner herein, said Thomas F. Stroock."

It is appellant's contention that the decree in the determination of heirship proceedings became final and res judicata and that it cannot be attacked collaterally.

We do not deny the general proposition that a valid judgment entered by a court of competent jurisdiction is final and cannot be attacked collaterally. However, the court in this instance, under the statutes involved and with limited parties before it, had no jurisdiction except to determine the heirs of the deceased and their right to property which the deceased owned at the time of death.

The decree of descent does not create title; it merely declares who has acquired the title of decedent; and it operates only with respect to decedent's interest in the property described in the decree.[1] Insofar as a decree of descent purports to do more, it is void and subject to collateral attack.[2]

As stated in In re Estate of McClatchy, 433 Pa. 232, 249 A.2d 320, 322, it is a well accepted principle that heirs cannot have interests in decedent's property higher than those which decedent had himself.

It needs to be pointed out that the court's lack of jurisdiction to decree with respect to any interest, other than the interest owned by B. F. Roth at the time of his death, is apparent on the face of the record and nothing outside of the record is needed to show the invalidity of the decree insofar as it purports to decree an interest in excess of the interest owned by the decedent.[3]

We discussed at some length the effect of a void judgment in Emery v. Emery, Wyo., 404 P.2d 745, 748–749. In that case we said a void judgment is not binding. It confers no rights. We spoke in particular about the invalidity of a judgment void for want of jurisdiction and said it could be vacated—at least if the invalidity was apparent on the face of the record.

---

1. Carter v. Carter, 187 Kan. 74, 353 P.2d 499, 504; Wilson v. Birt, 77 Colo. 206, 235 P. 563, 564–565, reh. den. 235 P. 565; Snedeger v. Schrader, 183 Kan. 725, 332 P.2d 586, 588. See also 23 Am.Jur. 2d, Descent and Distribution § 105, p. 848; and 26A C.J.S. Descent and Distribution § 82, pp. 729–730.

2. State v. District Court of Eighth Jud. Dist., 33 Wyo. 281, 238 P. 545, 549; Barber v. Barber, 51 Cal.2d 244, 331 P.2d 628, 630–631; Hallford v. Industrial Commission, 65 Ariz. 40, 159 P.2d 305, 306; Greene v. Phares, 124 Colo. 433, 237 P.2d 1078; and Brown v. Brown, 46 Wash.2d 370, 281 P.2d 850, 852.

3. See People v. Cravens, 115 Cal.App.2d 201, 251 P.2d 717, 719; Bonds v. Joplin's Heirs, 64 N.M. 342, 328 P.2d 597, 599; Hallford v. Industrial Commission, 63 Ariz. 40, 159 P.2d 305, 306; Travis v. Travis' Estate, 79 Wyo. 329, 334 P.2d 508, 512; and In re Wise's Estate, 34 Cal.2d 376, 210 P.2d 497, 500.

Although appellant has been careful to tell us that he caused the mineral rights under the land in question to be assessed and that he paid taxes thereon from 1964 to 1970, he has not tried to support the proposition that this could create title. Since he does not list the matter of taxes as a point on appeal, we will not discuss that matter.

One of appellant's arguments is that the escheat action by the state and also Kirby's lease from the state should be barred by laches. We are not impressed by the argument and we doubt if sufficient has been shown to make laches available as a defense against the state. In any event, laches was not pleaded by Stroock as an affirmative defense, and there is nothing in the record to indicate the matter of laches was raised or argued in the trial court.

Appellant asserts the state has not complied with the escheat statute, § 9–688(a), W.S.1957, 1971 Cum.Supp. He quotes out of context the following portion from that statute:

"* * * In any such action, due proof that any real or personal property * * has been unclaimed for a period of five (5) years next prior to the time of filing any such information, and that the name or whereabouts of the owner of such property is unknown shall be deemed prima facie evidence of the failure of title to such property for want of legal heirs."

Because Stroock has claimed the undivided nine-tenths interest escheated to the state, he argues it cannot be said such interest has "been unclaimed." His argument, however, overlooks the fact that it is immaterial whether Stroock has made claims. The state has not relied on mere *prima facie* evidence as far as the claims of Stroock are concerned. The district court found from the stipulation of facts entered into that Stroock was not the owner of the nine-tenths interest in dispute, and the court so held.

Appellant fails to cite authority for his theory and we know of none. Having failed to show ownership in himself for the interest in question, he has no standing to complain if such interest is escheated to the state. He cannot in any event prove title in himself merely by finding fault with the state's title.[4]

One of the arguments advanced by Stroock is that the State of Wyoming and Kirby as plaintiffs have the burden of proof and must stand on the strength of their own title. The ordinary plaintiff in a quiet title action stands on ownership which is evidenced by a chain of title ending with a conveyance to the plaintiff. The matter of escheat, however, is a negative proposition which operates where there is a failure of title for want of legal heirs. The State and Kirby sufficiently proved Stroock had no ownership, except for the one-tenth interest recognized by the trial court. There was also ample evidence of the failure of title for want of legal heirs insofar as the nine-tenths interest is concerned.

Appellant having failed to prove that he owns any interest in the minerals here involved, except for the one-tenth interest recognized in the district court's decree, his appeal must fail.

Affirmed.

GUTHRIE, J., not participating.

4. See Kirby Royalties, Inc. v. Texaco Inc., Wyo., 458 P.2d 101, 106, reh. den. 461 P.2d 282.