508 P.2d 371

**Ruth MEANS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Phelps Dodge Corporation, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 781.**

Court of Appeals of Arizona, Division 1, Department A.

April 10, 1973.

Review Granted June 26, 1973.

Rehearing Denied May 16, 1973.

Whitehill, Berger & Karp, P. C., by David D. West, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Evans, Kitchel & Jenckes, P. C., by Stephen W. Pogson and Richard L. Levin, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel State Compensation Fund, Phoenix, for respondent carrier.

STEVENS, Judge.

The petitioner, Ruth Means, requests that this Court set aside an award of The Industrial Commission of Arizona, which award denied the reinstatement of her widow's compensation after her second marriage had been annulled by a decree of the Superior Court.

Prior to and during the month of April 1965 the petitioner and Lyle Lloyd Means were husband and wife. During the existence of the marital relationship, Mr.

Means died as the result of an industrial accident. Under Claim No. TC–271 the petitioner received an Industrial Commission award of a monthly allowance pursuant to A.R.S. § 23–1046, subsec. A, par. 2 which then, and now, reads as follows:

"2. To the widow, if there is no child, thirty-five per cent of the average wage of the deceased, to be paid until her death or remarriage, with two years compensation in one sum upon remarriage."

On 26 December 1969 the petitioner participated in a marriage ceremony and she was thereafter awarded two years compensation in one sum pursuant to the above quoted A.R.S. section.

The petitioner thereafter secured an annulment, tendered repayment of the lump sum two-year award and sought the reinstatement of the monthly award of widow's. compensation. The petition was based upon a stipulation of facts supported by a letter from her second "husband" together with her own affidavit. The employer supplied copies of the complaint, the amended complaint and the decree of annulment.

We quote a portion of the hearing officer's findings and award which are supported by the evidence and which were approved by The Industrial Commission on review.

"6. That prior to the marriage, [name omitted] fraudulently misrepresented to applicant that he was fifty-five years of age, that he was capable of and would, in fact, consummate their marriage and perform sexual intercourse with her.

"7. At the time of the marriage, [name omitted] knew that he had no intention of, nor could, perform the sex act with the applicant, of which he did not inform the applicant.

"8. That [name omitted] knew that the applicant would not marry him if she was aware of his true age and fact that he would not consummate the marriage.

"9. That relying on these fraudulent representations, applicant agreed to and did enter into the marital contract with [name omitted].

"10. As soon as applicant discovered [name omitted] true intentions and capabilities, they no longer cohabited with one another."

Even though the hearing officer found facts favorable to the petitioner, he concluded that the Arizona case law required a denial of her request for a reinstatement of her monthly award and The Industrial Commission agreed.

There are four Arizona cases which relate to this problem. They are: Southern Pacific Company v. Industrial Commission of Arizona [herein referred to as Southern. Pacific] 54 Ariz. 1, 91 P.2d 700 (1939); Hallford v. Industrial Commission of Arizona, 63 Ariz. 40, 159 P.2d 305 (1945); State Compensation Fund v. Reed, 12 Ariz.App. 317, 470 P.2d 465 (1970); and State Compensation Fund v. Foughty, 13 Ariz.App. 381, 476 P.2d 902 (1970) [herein referred to as Foughty]. We do not lengthen this opinion by an extended discussion of these cases which must be read to fully understand the problems which are involved.

The statutory grounds for annulment are:

"§ 25–301. Grounds
"Superior courts may dissolve a marriage, and may adjudge a marriage to be null and void *when the cause alleged constitutes an impediment rendering the marriage void.* [Emphasis added]

As pointed out in Southern Pacific, supra, in territorial days impotency was a ground for annulment and remained so until the Territorial Legislature removed impotency as a ground for annulment and declared impotency to be a ground for divorce. The State of Arizona carried this concept forward in A.R.S. § 25–312, subsec. 10. The Arizona Supreme Court in Southern Pacific quoted the decree of annulment

wherein the trial court found that the prospective husband's impotency was fraudulently concealed from the prospective wife. The basis of the opinion appears to be that impotency was no longer a basis for annulment and the opinion is silent as to the aspect of the fraudulent representation and concealment prior to the marital ceremony.

In Foughty, supra, by a majority opinion, this Court held that fraudulent concealment of religious non-belief came within the language of A.R.S. § 25–301 as constituting "an impediment rendering the marriage void." Judge Jacobson, while disagreeing with the majority in this respect, concurred in the result for the reason that the carrier had failed to adequately collaterally attack the decree of annulment. The same observation is applicable to the record presented to us in the case now under consideration.

It is the opinion of this Court that the intimate relationship between husband and wife is a vital part of the marriage and that fraudulent representations in relation thereto prior to the marriage "constitute an impediment" negating the necessary intent to contract a valid marriage thereby "rendering the marriage void". This, in our opinion, is not inconsistent with the provisions of A.R.S. § 25–312 wherein impotency is specified as a ground for divorce.

This Court would set aside the award which denied the restoration of the petitioner's monthly widow's compensation except that Southern Pacific, supra, mandates the affirmance of the award. Southern Pacific is the case basically relied on by the hearing officer.

The award is affirmed.

DONOFRIO, P. J., and OGG, J., concur.