515 P.2d 29

**Ruth MEANS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Phelps Dodge Corporation, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 11242–PR.**

Supreme Court of Arizona, In Banc.

Oct. 24, 1973.

Rehearing Denied Nov. 27, 1973.

Whitehill, Berger & Karp, P.C., by David D. West, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Evans, Kitchel & Jenckes, P.C., by Stephen W. Pogson and Richard L. Levin, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel State Compensation Fund, Phoenix, for respondent carrier.

CAMERON, Vice Chief Justice.

This is a petition for review of a decision and opinion of the Court of Appeals, 19 Ariz.App. 484, 508 P.2d 371 (1973), which affirmed an award of the Industrial Commission of Arizona denying compensation to the petitioner Ruth Means.

We consider only one question and that is: May an annulment be obtained on grounds which constitute an impediment rendering the marriage void or voidable if the same grounds are available by statute as the basis for obtaining a divorce?

The facts necessary for a determination of this matter on appeal are as follows. Prior to April 1965 the petitioner and Lyle Lloyd Means were husband and wife. Mr. Means died as the result of an industrial accident and petitioner was awarded an Industrial Commission award pursuant to statute:

"2. To the widow, if there is no child, thirty-five per cent of the average wage of the deceased, to be paid until her death or remarriage, with two years' compensation in one sum upon remarriage." § 23–1046 (A) (2) A.R.S.

On 26 December 1969 petitioner participated in a marriage ceremony and she thereafter applied for and was awarded two years' compensation in one lump sum pursuant to the above quoted statute. Petitioner later secured an annulment of this marriage based upon the impotency of her new "husband." There is no doubt that the ground alleged, as the findings of the hearing officer suggest, constituted an impediment to the marriage which would normally render it void. The statutory grounds for annulment are:

"Superior courts may dissolve a marriage, and may adjudge a marriage to be null and void when the cause alleged constitutes an impediment rendering the marriage void." § 25–301 A.R.S.

And our divorce statute in force at the time of the decree of annulment stated:

"A divorce from the bonds of matrimony may be granted:

\*    \*    \*    \*    \*    \*

"10. When one of the parties was physically incompetent at the time of marriage and has so continued to the commencement of the action." § 25–312 A. R.S.

In an early case of this court we held:

"This brings us to the question which was most strenuously urged by petitioner

at the hearing. It contended, and still contends, that the marriage was not, under our law, subject to annulment for the cause set forth in the complaint, and that the trial court, therefore, had no jurisdiction of the matter. If this be true, then the judgment is void on its face and subject to collateral attack, and if there be no legal annulment nor a possibility thereof, the marriage is still subsisting and the lump settlement must necessarily stand." [1]

And:

" * * * when a widow who is entitled to compensation under the Arizona law has remarried and received a lump settlement of the award, a legal annulment of the marriage will entitle her to have the original award reinstated upon tendering back the amount she has received as lump settlement.

\* \* \* \* \* \*

* * * We think it is clear that the legislature used the word 'void' in our annulment statute as referring to marriages which were subject to ratification or disaffirmance by the injured party, as well as those which could not be ratified, including specifically in 1887, as a ground for annulment, marriages of the class to which that of the beneficiary belongs, but that in 1901 it determined, for reasons best known to itself, that physical impotency should no longer be a ground for annulment, but rather for divorce.

"We hold, therefore, that it is now the law that while all other forms of voidable marriages are subject to annulment, physical incompetency existing at the time of the marriage and continuing to the time of suit is not a ground of annulment, but of divorce only. As to what reasons the legislature had for this change, we cannot say, but it is very evident that this was its intention, and the intent of the legislature must govern. Such being the case, the cause upon which the beneficiary herein secured annulment of her marriage was not one authorized by law, and the court, of course, had no jurisdiction to render such a judgment. It necessarily follows that the beneficiary is still the wife of Ray Earl Menefee, and is not entitled to set aside the lump settlement which was made by her with the full knowledge and approval of all the parties, including the respondent herein." Southern Pac. Co. v. Industrial Com., 54 Ariz. 1, 7–8, 6, 12–13, 91 P.2d 700, 703, 702, 705 (1939).

In the instant case, after the decree of annulment, the petitioner tendered back the lump sum settlement and asked that her benefits be reinstated. Hallford v. Industrial Commission, 63 Ariz. 40, 159 P.2d 305 (1945); State Compensation Fund v. Reed, 12 Ariz.App. 317, 470 P.2d 465 (1970); State Compensation Fund v. Foughty, supra. The Industrial Commission in denying the reinstatement, relied on Southern Pac. Co. v. Industrial Com., supra, that impotency could not be used as a ground for annulment.

■ ■ A marriage may be annulled when the false representation or concealment is such that the fundamental purpose of the injured party in entering into the marriage is defeated. The majority view is that courts under general equity powers have inherent jurisdiction to entertain and adjudicate actions for annulment of marriage, irrespective of statute.

"Originally the annulment of marriages was neither in the domain of the secular law nor of equity, but was cognizable in the ecclesiastical courts in the exercise of their control over family matters. * * * But since ecclesiastical courts have never existed in America, courts of equity have here assumed to exercise the power in respect of annulments which

---

1. But see dissent in Black v. Industrial Commission, 83 Ariz. 121, 317 P.2d 553 (1957) and State Compensation Fund v. Foughty, 13 Ariz.App. 381, 476 P.2d 902 (1970).

was exercised by the ecclesiastical courts in England until 1858. Thus, annulment is said to rest within the inherent power of equity, inherited by it from the ecclesiastical courts of England; and the proceeding is commonly regarded as a suit in equity, in which the equity practice is to be followed irrespective of the designation borne by the court in which the suit is brought. On the other hand, annulments are authorized and regulated by statute in many jurisdictions, and where this is true the proceeding is ordinarily considered as a statutory rather than an equitable proceeding. But notwithstanding a statute authorizing annulments for specified causes, it seems that a suit may be maintained to annul a marriage upon a ground recognized in equity, such as fraud, but not mentioned in the statute; and such proceeding, not being brought under the statute, is as much an equitable proceeding as though no statute existed." (footnotes omitted) 3 Nelson on Divorce, Annulment, 2nd Ed., pages 277–78. See also 4 Am.Jur. 2d, Annulment of Marriage, §§ 3–4, 442, 443–4 and Harper v. Dupree, 185 Kan. 483, 345 P.2d 644 (1959).

Our search has revealed only one other jurisdiction, the State of Georgia, which follows our rather restrictive rule—that statutory grounds for divorce may not be used to annul a marriage, even though the grounds "constitute an impediment rendering the marriage void." Mackey v. Mackey, 198 Ga. 707, 32 S.E.2d 764 (1945).

■ ■ We believe that the view of the majority is the better view and that any grounds rendering the marriage void or voidable should be available to grant an annulment of marriage. In reaching this decision, we are persuaded primarily by what we believe to be the logical import of the annulment statute, that an annulment may be granted when the grounds show "an impediment rendering the marriage void" with no restriction on this statutory ground indicated by either the annulment statute or the divorce statute. Divorce and annulment may both affect the validity of a marriage, especially in the case of a marriage that is only voidable as opposed to being void, but the actions for annulment and divorce are two different and distinct actions, one based upon a valid marriage, and the other based upon a marriage that may be void or voidable. Even with the present "no fault" divorce statute, § 25–311 et seq., A.R.S. (1973), enacted after the decree of annulment in this case, there are situations wherein justice demands that an annulment be granted and the fact that a dissolution could be granted under our new statute, should not preclude the granting of a valid decree of annulment. The contrary holding of this court in Southern Pac. Co. v. Industrial Com., supra, is by this opinion overruled.

The decision and opinion of the Court of Appeals, 19 Ariz.App. 484, 508 P.2d 371 (1973), is vacated and the award of the Industrial Commission is set aside.

HAYS, C. J., and LOCKWOOD, J., concur.

HOLOHAN, Justice (dissenting).

The decision by the majority overrules this Court's holding in Southern Pacific Co. v. Industrial Commission, 54 Ariz. 1, 91 P.2d 700 (1939) which has been the law in this State for over 30 years.

During that entire period the Legislature has never seen fit to change the law as announced in the cited case until the current year with the passage of the so-called "no fault" divorce statute.

In substance the Court in Southern Pacific Co. v. Industrial Commission, supra, held that physical incompetency at the time of marriage is not a ground for annulment but of divorce only. While the majority take the position that the better view is that any grounds rendering the marriage void or voidable should be available to grant an annulment of marriage even if such ground is also a statutory ground for divorce, this view appears contrary to the

public policy of this State as set forth in the statutes. As this Court pointed out over 30 years ago, it was the evident intention of the Legislature that physical incompetency at the time of marriage be a ground for divorce and not annulment. The legislative history of inaction to change in any way the decision of the Court reinforces our belief that this Court's construction of the legislative intent was correct. If there was to be a change in the law, it should be by legislative enactment and not by judicial construction. The award of the Industrial Commission of Arizona denying compensation to the petitioner should be affirmed.

STRUCKMEYER, J., concurs in the foregoing dissent of Justice HOLOHAN.