542 P.2d 825

**UNITED STATES FIDELITY AND GUARANTY COMPANY and R. H. Fulton, Inc., Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Sandra L. Schreiber, widow of Paul M. Schreiber, Deceased, Respondent Applicant.**

**No. 1 CA–IC 1286.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 20, 1975.

Rehearing Denied Dec. 18, 1975.

Review Denied Jan. 20, 1976.

 

Moore & Romley by Craig R. Kepner, Roger T. Hargrove, Phoenix, for petitioners.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Lesher, Kimble, Rucker & Lindamood, P. C. by Monte C. Clausen, Tucson, for respondent applicant.

## OPINION

NELSON, Presiding Judge.

On September 24, 1969, Paul M. Schreiber died as a result of injuries received during the course of his employment with R. H. Fulton, Inc. His widow, the respondent-applicant here, Sandra L. Schreiber (Schreiber), was awarded death benefits pursuant to A.R.S. § 23–1046.

On March 23, 1970, Schreiber remarried, resulting in the termination of her monthly death benefits and an award of a two year lump sum payment as provided by statute, A.R.S. § 23–1046.A.2. In approximately February or March of 1973, Schreiber discovered for the first time that her new husband had a prior existing marriage which had never been terminated. After attempting to resolve the problem for approximately six months, it was determined that the religious convictions of the first wife precluded a dissolution of the initial marriage. Annulment proceedings were then instituted, resulting in Schreiber's remarriage being annulled in October of 1973.

On January 9, 1974, Schreiber filed a claim for reinstatement of her monthly death benefits theretofore terminated by the putative marriage. The claim was denied by the United States Fidelity and Guaranty Company, the insurance carrier of R. H. Fulton, Inc., and the petitioner herein (Carrier). After a hearing, an award was entered reinstating Schreiber's death benefits effective as of March 23, 1970, the date of the void marriage. The Carrier was credited with the two year lump sum payment made pursuant to stat-

ute, A.R.S. § 23–1046.A.2, supra. The award was affirmed on review and the Carrier has brought the cause here on certiorari. The·award of the Industrial Commission of Arizona is affirmed.

Two separate issues are presented here. First, the Carrier urges that Schreiber should be estopped from reclaiming the benefits she would otherwise be entitled to reclaim, *Southern Pacific Company v. The Industrial Commission of Arizona*, 54 Ariz. 1, 91 P.2d 700 (1939) and *Means v. The Industrial Commission of Arizona*, 110 Ariz. 72, 515 P.2d 29 (1973), because her conduct falls within the doctrine announced by the Arizona Supreme Court in *Unruh v. The Industrial Commission of Arizona*, 81 Ariz. 118, 301 P.2d 1029 (1956) and followed by this Court in *State Compensation Fund v. Reed*, 12 Ariz.App. 317, 470 P.2d 465 (1970).

The facts in the case at bar are substantially different from *Unruh* and *Reed*, supra. In Unruh a wife actively sought a Mexican divorce which was patently invalid. She then sought widow's benefits when her first, and only legal, husband died. The Court said she was estopped to assert the invalidity of the Mexican divorce to her personal financial advantage. In *Reed*, the woman fraudulently induced a man to marry her and knew of these facts when she sought the two year lump sum payment from the Industrial Commission of Arizona pursuant to A.R.S. § 23–1046.-A.2, supra. She was estopped from asserting the invalidity of a marriage she caused to be consummated by her own wrongdoing.

Here Schreiber knew nothing about any impediment to her second marriage until three years had elapsed and one child had been born of the union. She thereafter did everything in her power to remove the impediment and legitimatize the marriage. When those efforts failed, an annulment was obtained.

▮ The Carrier urges that Schreiber's conduct in taking six months to try to save the marriage is the conduct which brings

the case within the ambit of *Unruh* and *Reed*, supra. We believe the opposite is true. There is nothing culpable or inconsistent in trying to save her marriage and home for herself and her child and then, failing in these efforts, obtaining an annulment to which she is entitled. In describing the process of quasi-estoppel, the Court in *Unruh*, supra, was clear:

"There the conscience of the court is repelled by the assertion of rights inconsistent with a litigant's past conduct." *Uhruh v. The Industrial Commission of Arizona*, supra, 81 Ariz. at 120, 301 P.2d at 1031.

Schreiber's seeking of an annulment and the reinstatement of benefits due her as a result thereof, (*Southern Pacific Company v. The Industrial Commission of Arizona*, supra; *Means v. The Industrial Commission of Arizona*, supra), is not abhorrent to the Court or inconsistent with her past conduct in this matter.

▮ The Carrier also argues that Schreiber should receive no benefits during the 3½ years of the putative marriage, since she was supported during that time by her supposed husband. While this argument has some appeal if we just look at the question of financial support, the law does not prohibit this result.

▮ The statute talks only in terms of status—remarriage. It says nothing about need, who supports whom, possible life insurance benefits, independent wealth, or any number of other economic factors which might be considered, if ability to provide and support was the criteria. It is not the criteria. The situation is discussed in 2 Larson's, *Workmen's Compensation Law*, § 64.40, pp. 11–133 to 11–135:

"* * * Getting a self supporting job, for example, or an inheritance from the deceased or others, or being adopted, *or contracting a marriage later annulled*, or living with and being supported by a man without benefit of marriage, will not interrupt the right to benefits . . ." (Emphasis supplied)

Since the marriage was annulled, Schreiber is entitled to all of the benefits she would have received had there been no attempted marriage, subject only to the return of the amount paid in a lump sum pursuant to A.R.S. § 23–1046.A.2, supra. Here, the latter requirement was satisfied by crediting the amount of the lump sum payment to the benefits due.

The award is affirmed.

WREN and SCHROEDER, JJ., concur.